William G. Fig, WSBA 33943
wfig@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205
Telephone: (503) 227-1111
Facsimile: (503) 248-0130

Attorneys for Green Tree Servicing LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| MICHAEL THOMAS,<br><br>        Plaintiff,<br>vs.<br><br>FLAGSTAR BANK, NA and GREEN TREE SERVICING LLC,<br><br>        Defendants. | Case No. 2:15-cv-01309-RSL<br><br>GREEN TREE SERVICING LLC'S SUMMARY JUDGMENT REPLY BRIEF<br><br>**NOTED FOR: JUNE 9, 2017** |

Plaintiff Michael Thomas' ("Plaintiff") Response to Green Tree Servicing LLC ("Green Tree") Motion for Summary Judgment misses the mark. The issue is not what encumbrance legally has priority over another encumbrance. The issue is that Plaintiff did not fulfill the Freddie Mac requirements for modifying his loan and, therefore, was properly denied a permanent loan modification. Moreover, Plaintiff seeks to avoid summary judgment by now basing his claims on completely new allegations and claims for relief not found anywhere in his Complaint. Nonetheless, Plaintiff has failed to put forth any admissible evidence to substantiate his claims against Green Tree and, as a result, they must be dismissed.

/ / /

GREEN TREE SERVICING LLC'S SUMMARY
JUDGMENT REPLY BRIEF - Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

A.  **Plaintiff's Operative Allegations.**

Plaintiff's Complaint does not mention a title report or tax liens, never mind asserting any allegation regarding any type of "bait and switch" by Green Tree relating to Plaintiff's loan modification application or Green Tree's alleged mishandling of the title reports. Plaintiff's Complaint does not assert any claim for the breach of good faith and fair dealing. Indeed, the sum of Plaintiff's allegations against Green Tree are:

<u>Breach of Contract</u>: "Plaintiff accepted these offers by submitting timely payments in compliance with the terms of the offers. Flagstar and Green Tree subsequently breached the contract when they wrongfully denied Plaintiff for a loan modification after Plaintiff fully complied with the terms of the offers." Complaint, ¶ 21.

<u>CPA</u>: "Green Tree engaged in unfair and deceptive acts and practices in violation of RCW 19.86.020, including but not limited to: a. Making representations to Plaintiffs that they had been offered trial period plans that would be converted to a permanent modification upon completion of the trial period plan; b. After Plaintiff complied with all terms of the offer, Defendants refused to permanently modify Plaintiffs loan; and c. Charging fees associated with Flagstar' s and Green Tree's incorrect determination that the Plaintiffs' loans were in default including, but not limited to, late fees, interest capitalization and other fees associated with a default." Complaint, ¶ 23.

<u>Negligent Misrepresentation</u>: "Defendants negligently represented to Plaintiff that upon completion of their trial period plan, he would be offered a permanent loan modification. Flagstar and Green Tree representation were negligent as they subsequently refused to honor its offer of a modification, by refusing to permanently modify Plaintiff's loan after Plaintiff complied with all terms of the trial period plans offered to him." Complaint, ¶ 30.

///

///

GREEN TREE SERVICING LLC'S SUMMARY
JUDGMENT REPLY BRIEF - Page 2

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

If Plaintiff was going to base his claims on alleged false and misleading representations regarding or relating to the title reports or Green Tree's handling thereof, one would surmise that these claims would make the list of "unfair and deceptive practices" in paragraph 23 of the Complaint. This was not "new" information that Plaintiff discovered via the litigation, and even if it was, Plaintiff had more than ample opportunity to amend his Complaint to add these claims.

On or about April 21, 2014, Plaintiff submitted a loan modification application to Green Tree. Supplemental Declaration of William G. Fig, Exhibit 1, Deposition of Thomas p. 74:10-22, Ex. 11. Plaintiff had many liens (or potential liens) against his property. *Id.* at 56:17-24, Ex. 7; 64:22-25-65:1-5, Ex. 9. Plaintiff knew he had to address these liens in order for a loan modification to be approved. *Id.*; Response Brief, p. 18:6-10. Green Tree informed Plaintiff of the potential title issues and twice sent Plaintiff additional documents to assist Green Tree in verifying the liens. Supplemental Declaration of William G. Fig, Exhibit 1, Deposition of Thomas, at 90:8-21, Ex. 19; Declaration of Christy Christensen, ¶ 12 (DKT 39); Supplemental Declaration of William G. Fig, Exhibit 2, Deposition of Christy Christensen, 83:7-21, Ex. 7 at GT-00107 and 104. Plaintiff did not return the required information until January 5, 2015, over two months after it was first sent to him. *Id.* at GT-00103.

Plaintiff clearly knew there were potential issues relating to the title to the Property before heading into the January 2015 mediation. More importantly, Plaintiff absolutely knew of the January 2015 title report prior to filing his July 2015 lawsuit (Hamilton Depo.,[1] 17:25-18:8, Ex. 41 at GT-05531) and had more than ample opportunity to amend his Complaint to include allegations relating to the title reports and Green Tree's alleged mishandling thereof. Plaintiff failed to do so. Thus, Plaintiff's original Complaint frames the claims for relief and supporting allegations. Plaintiff cannot change the entire theory

---

[1] References to the "Hamilton Depo." are to Dkt. 40-2

GREEN TREE SERVICING LLC'S SUMMARY
JUDGMENT REPLY BRIEF - Page 3

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

of his case and his claims after the close of discovery in response to Green Tree's Summary Judgment Motions. *Worthy v. ITT Tech Inst.*, 2010 U.S. Dist. LEXIS 42776 * 26- *27 (WD WA April 30, 2010).

Plaintiff's claims, as plead in his operative Complaint against Green Tree, must be dismissed.

**B.     Plaintiff's Breach of Contract Claim.**

Plaintiff does not argue that he met all of the applicable Freddie Mac qualification requirements in order to have his loan permanently modified. Instead, Plaintiff incredulously argues that he did not know of the tax liens recorded against his own property and, without citing any authority, that Green Tree, not Plaintiff, should have done something to address the liens. Plaintiff then argues, without providing any proof as to the type of liens at issue, that the loan modification should have been granted because the liens were subordinate to any modification agreement. Plaintiff cites no Washington authority that a loan modification agreement related back to the original Deed of Trust or that Washington follows the Restatement (Third) of Prop.: Mortgages.

As set forth in § A (p. 3, lns. 7-16) above, Green Tree did not breach any contractual duty it owed to plaintiff. Plaintiff was aware of the title issues related to his Property and knew the multiple liens against the Property needed to be addressed in order to obtain a loan modification. Green Tree worked with Plaintiff to address the lien issues. Supplemental Declaration of William G. Fig, Exhibit 2, Deposition of Christy Christensen, 83:7-21, Ex. 7. However, when Plaintiff erroneously denied the remaining liens were his and refused to address them, Green Tree properly denied the pending loan modification.

**Whether the tax liens are subordinate to a loan modification agreement is irrelevant**. Green Tree put forth admissible evidence that it must be able to obtain title insurance to ensure that the resulting modified mortgage lien retains a first lien priority

GREEN TREE SERVICING LLC'S SUMMARY
JUDGMENT REPLY BRIEF - Page 4

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

position. Hamilton Depo., 26:6-23; 27:21-25; 28:1-14, Ex. 42, p. 1. Under Freddie Mac Guidelines, § B65.20, 1(b), Green Tree must do more than obtain "clear title". Green Tree must:

> "Obtain a title endorsement or similar title insurance product issued by a title insurance company to ensure that the modified Mortgage retains first lien priority, if (1) the amount capitalized is greater than $50,000 (....
> ...." *Id.*

The January 2015 title report states on its face that the liens needed to be addressed for title insurance to issue as Mr. Hamilton testified title insurance would not issue if the liens were not addressed. Hamilton Depo., 29:1-24, Exhibit 11. As Mr. Hamilton further testified, because of the amount of Plaintiff's Loan, Freddie Mac guidelines prohibited Green Tree from offering a loan modification without title insurance. Hamilton Depo., 2 22:17-25; 23:1-7; 26:6-23; 27:21-25; 28:1-14, Ex. 42, p. 1. At the last FFA mediation, Plaintiff was given the opportunity to address the liens, but declined to do so. Green Tree cannot work with Plaintiff to address liens he denies are his. Without the ability to obtain title insurance, the modification could not be offered and was denied via a January 23, 2015 letter.[2] Declaration of Christy Christensen (DKT 39), ¶ 14, Ex. 4 (DKT 39-4).

Plaintiff misunderstands *Corvello v. Wells Fargo*, 728 F.3d 878 (9th Cir. 2013). *Corvello* is about the servicer, without any explanation, failing to offer the borrower a permanent loan modification after the borrower made the TPP payments. Here, that is not the case. While Green Tree may have known of title issues in October 2014, Plaintiff was aware of them as well. It was Plaintiff's decision to apply for a loan modification and there was nothing preventing him from "clearing up" title to his Property during the TPP period. Indeed, here, that is exactly what Plaintiff, at least partially, attempted to do.

///

---

[2] *See also*, Motion for Summary Judgment, p. 8, for evidentiary support.

GREEN TREE SERVICING LLC'S SUMMARY
JUDGMENT REPLY BRIEF - Page 5

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Plaintiff's Complaint does not allege any willful or wanton conduct by Green Tree to support emotional distress damages.[3] This court has consistently held that emotional distress damages are not recoverable in the foreclosure/loan servicer context. *See, e.g., Henderson v. GMAC Mortg. Corp.*, No. C05-5781RBL, 2008 U.S. Dist. LEXIS 29329, at *14 (W.D. Wash. Apr. 10, 2008) (emotional distress damages not permitted for claim arising out of breach of contract where the plaintiffs failed to show that the defendants acted negligently outside of the alleged breach); accord, *Algaier v. CMG Mortg., Inc.*, No. 13-CV-0380-TOR, 2014 U.S. Dist. LEXIS 112363, at *10 (E.D. Wash. Aug. 13, 2014).

**C.    Plaintiff's CPA Claim.**

As stated above, Plaintiff's CPA claim alleges nothing about title reports, the alleged mishandling thereof, or Green Tree's purported duty to investigate loan file when a borrower applies for a loan modification. Nonetheless, Plaintiff now seems to hinge his CPA claim on Green Tree's handling of three such reports. As set forth in § A (p. 3, lns. 7-16) above, and in its Motions for Summary Judgment, Green Tree's actions were not unfair or deceptive. Indeed, the evidence shows that Green Tree attempted to assist Plaintiff in obtaining his loan modification. See Supplemental Declaration of William G. Fig, Exhibit 2, Deposition of Christy Christensen, 83:7-21, Ex. 7. Plaintiff has put forth no admissible evidence of any allegedly unfair and deceptive acts by Green Tree.

Plaintiff has not put forth admissible evidence proving that Green Tree was the *but for* cause of his alleged harm. Green Tree did not cause Plaintiff to default on the Loan; Plaintiff admits he was delinquent in his payments. Thomas Depo. (Dkt. 40-1), 72:1-3. Green Tree did not cause the various liens to be recorded against the Property, which clouded title to the Property. It was Plaintiff's denial of the liens at the FFA mediation and his refusal to address them that were the *but for* cause of his alleged damages. Plaintiff

---

[3] Green Tree does not admit Plaintiff suffered any emotional distress; however, that is a question of fact not appropriate for summary judgment.

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

has put forth no evidence or authority that Green Tree had a duty to address Plaintiff's tax liens.

Likewise, in a failed effort to meet the public interest element of his CPA claim, Plaintiff makes unsupported assertions regarding Green Tree's alleged conduct. *See* Response Brief, p. 20., lns. 15-22. These assertions are not admissible evidence and are wholly insufficient to support this necessary element of Plaintiff's CPA claim. To the extent Plaintiff seeks emotional distress damages under his CPA claim, such damages are not recoverable. *Demopolis v. Galvin*, 57 Wn. App. 47, 55 (1990); *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 57-60 (2009).

Summary judgment should be granted in Green Tree's favor on Plaintiff's CPA claim.

**D.     Plaintiff's Negligent Misrepresentation Claim.**

Plaintiff's negligent misrepresentation claim against Green Tree is based on the August 6, 2014 letter. Complaint, ¶¶ 30-33. In other words, it is identical to his breach of contract claim. As set forth in § A (p. 3, lns. 7-16) above, and in its Motions for Summary Judgment, Green Tree did not make any misrepresentations to Plaintiff. Plaintiff has not come close to meeting the significant burden of proving by "clear, cogent, and convincing evidence" that the August 6 letter (or that Green Tree) misrepresented anything to Plaintiff. *Djibra v. Quality Loan Service Corp. of Wash., Inc.*, No. 47595-2-II, 2016 Wash. App. LEXIS 2585 (Court of Appeals, Division Two, October 25, 2016)(unpublished opinion).

Washington courts have clearly held that a lender/servicer's duty to a borrower, if any, is based in contract and, therefore, no negligence claim exists against the lender/servicer. *Brown v. Countrywide Home Loans*, 2016 U.S. Dist. LEXIS 56200 (E.D. WA Apr. 27, 2016) (negligence claim against Bank of America barred); *Johnson v. JP Morgan Chase Bank, NA,* 2015 US Dist. LEXIS 105472 at \*23-\*24  (WD WA Aug. 11,

GREEN TREE SERVICING LLC'S SUMMARY
JUDGMENT REPLY BRIEF - Page 7

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

2015)( Home Owners' Loan Act, 12 USC §1461-1440 bars claims for negligent process of loan modification).

Faced with this authority, Plaintiff resorts to non-binding California cases to support his negligent misrepresentation claim. *Ansanelli* involves a motion to dismiss and, therefore, is not applicable here. *Martinez* supports Green Tree's position. *Jolley* involved a construction loan and is based on California common law. This court should decline Plaintiff's invitation to adopt California law.

**E.    Response to Motion to Strike and Motion to Strike Exhibits to DeGraaff.**

Without conceding the validity of Plaintiff's argument, Green Tree does not oppose striking the following sentence from the Declaration of Christy Christensen: "The title company was requiring the tax lien encumbrances to be removed before title insurance on a permanent modification agreement could issue." This same information is thoroughly addressed in Mr. Hamilton's deposition testimony.

In support of his Summary Judgment Response Brief, Plaintiff submits the Declaration of Jacob DeGraaff with multiple attached Exhibits. Exhibits 3 and 5 through 7 are inadmissible because they are not authenticated under FRE 901 and are hearsay under FRE 801 and 802. Plaintiff did not establish the business records exception under FRE 803(6) regarding these exhibits, nor did he submit any admission from a Green Tree witness that these documents were business records.[4] The fact that the exhibits were used as exhibits at a deposition does not automatically make them admissible into evidence. FRCP 56 requires admissible evidence to support or refute a motion for summary judgment. As a result, Exhibits 3 and 5 through 7 should be struck from the court record, or not considered by the Court as evidence in opposition to Green Tree's motion.

---

[4] Plaintiff did submit sufficient deposition testimony of Mrs. Christensen to show Exhibit 4 was a business record.

GREEN TREE SERVICING LLC'S SUMMARY
JUDGMENT REPLY BRIEF - Page 8

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

**CONCLUSION**

Based on the foregoing, Defendant Green Tree respectfully requests the Court grant its Motions for Summary Judgment and dismiss Plaintiff's Complaint with prejudice.

Dated: June 9, 2017.

SUSSMAN SHANK LLP

By */s/ William G. Fig*
William G. Fig, WSBA 33943
wfig@sussmanshank.com
Attorneys for Green Tree Servicing LLC

GREEN TREE SERVICING LLC'S SUMMARY
JUDGMENT REPLY BRIEF - Page 9

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

CERTIFICATE OF SERVICE

THE UNDERSIGNED certifies:

1. My name is Karen D. Muir. I am a citizen of Washington County, state of Oregon, over the age of eighteen (18) years and not a party to this action.

2. On June 9, 2017, I caused to be delivered **electronically, via the court's ecf system**, a copy of: **GREEN TREE SERVICING LLC'S SUMMARY JUDGMENT REPLY BRIEF**, to the interested parties of record, addressed as follows:

| | |
|---|---|
| Christina Latta Henry | chenry@HDM-legal.com, hdmecf@gmail.com, mainline@hdm-legal.com |
| Jacob Daniel DeGraaff | mainline@hdm-legal.com, hdmecf@gmail.com |

I SWEAR UNDER PENALTY OF PERJURY that the foregoing is true and correct to the best of my knowledge, information, and belief.

*/s/ Karen D. Muir*
Karen D. Muir, Legal Assistant

*22428-086\MOTION FOR SUMMARY JUDGMENT (02346410);3

GREEN TREE SERVICING LLC'S SUMMARY
JUDGMENT REPLY BRIEF - Page 10

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130