The Honorable Robert S. Lasnik

IN THE UNITED DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
SEATTLE

MICHAEL THOMAS,

    Plaintiff,

v.

GREEN TREE LOAN SERVICING LLC,

    Defendant(s).

Case No. 2:15-cv-01309-RSL

**STIPULATED MOTION FOR ORDER DIRECTING THE COURT CLERK TO DISBURSE THE FUNDS IN THE COURT REGISTRY**

NOTED ON MOTION CALENDAR: SEPTEMBER 8, 2017

Plaintiff Michael Thomas pursuant to LCR 7(d)(1), LCR 10(g) and LCR 67, moves the court for an entry of an order releasing the injunction and funds in the court registry held pursuant to an injunctive order entered on March 23, 2016 [Dkt No. 18]. Mr. Thomas has made principal deposits totaling $28,111.26 into the Court Registry. At this time, the Plaintiff Michael Thomas has obtained a loan modification on his home located at 27546 254th Way SE, Maple Valley, WA 98038 that has cured the alleged default of his loan thereby rendering the enjoined foreclosure moot and he is requesting that the $28,111.26 in the court registry be disbursed to this attorney, Henry, DeGraaff & McCormick, PS. A copy of that fully executed modification is attached hereto as Exhibit A. Green Tree Servicing LLC does not oppose this motion and stipulates to the entry of the order proposed by plaintiff.

STIPULATED MOTION FOR ORDER DIRECTING THE
COURT CLERK TO DISBURSE THE FUNDS IN THE
COURT REGISTRY - 1

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

DATED this 7th` day of September, 2017.

*/s/ Christina L Henry*_____
By:     Christina L Henry, WSBA # 31273
HENRY, DEGRAAFF & MCCORMICK, PS
Attorney for Plaintiff Michael Thomas


*/s/ Jacob DeGraaff*_____
By:     Jacob DeGraaff, WSBA #_36713
HENRY, DEGRAAFF & MCCORMICK, PS
Attorney for Plaintiff Michael Thomas


*/s/ William Fig*_____
By:     William Fig, WSBA # 33943
Sussman Shank, LLP
Attorney for Defendant Green Tree Servicing, LLC

STIPULATED MOTION FOR ORDER DIRECTING THE
COURT CLERK TO DISBURSE THE FUNDS IN THE
COURT REGISTRY - 2

HENRY, DeGRAAFF & McCORMICK, P.S.
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

# EXHIBIT A

STIPULATED MOTION FOR ORDER DIRECTING THE
COURT CLERK TO DISBURSE THE FUNDS IN THE
COURT REGISTRY - 3

**HENRY, DeGRAAFF & McCORMICK, P.S.**
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

Imb Tracking Number: 0004000074522837626485284000000

Investor Account # 521880122

When Recorded. Return to:
Ditech Financial LLC
2100 East Elliot Road. Building 94 T214
Tempe. AZ 85284

This document was prepared by Ditech Financial LLC

_____[Space above This Line for Recording Data]_____

I. MYER    CR/F FREDDIE MAC        STIPE-VP

Customer(s)[1]: MICHAEL THOMAS and VELMA L. THOMAS
Lender/Servicer ("Lender"): Ditech Financial LLC
Date of first lien mortgage. deed of trust. or security deed ("Mortgage") and Note ("Note"): 06/11/2008
Account Number: 0001266303  Recorded: 06/16/2008  Instrument No.: 20080616001643
MIN: 100052550197092934
Property Address ("Property"): 27546 254TH WAY SE. MAPLE VALLEY. WA 98038

## HOME AFFORDABLE MODIFICATION AGREEMENT
(Step Two of Two-Step Documentation Process)

This Modification Agreement ("Agreement"). made this ____day of _____ 2017. between the Lender and I. amends and supplements 1) the Mortgage. Deed of Trust. or Security Deed (the "Security Instrument"). and Timely Payment Rewards Rider. if any. dated 06/11/2008 and recorded in Book or Liber --. at page(s) --. and/or Document #20080616001643

| of the | Recorder | Records of | King County |
|---|---|---|---|
|  | (Name of Records) |  | (County and State. or other Jurisdiction) |

and (2) the Note. bearing the same date as. and secured by. the Security Instrument. which covers the real and personal property described in the Security Instrument and defined therein as the "Property". located at

27546 254TH WAY SE. MAPLE VALLEY. WA 98038
(Property Address)

the real property described in the above-referenced Security Instrument.

If my representations in Section 1 continue to be true in all material respects. then this Home Affordable Modification Agreement ("Agreement") will. as set forth in Section 3. amend and supplement (1) the Mortgage on the Property. and (2) the Note secured by the Mortgage. The Mortgage and Note together. as they may previously have been amended. are referred to as the "Account Documents". Capitalized terms used in this Agreement and not defined have the meaning given to them in Account Documents.

ORIGINAL

---

[1] If there is more than one Customer or Mortgagor executing this document. each is referred to as "I." For purposes of this document. words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

0001266303
HAMP Agreement

6/8/2015
LTR-602

2017063017.1.0.4352-J20150825Y



I understand that after I sign and return two copies of this Agreement to the Lender. the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations.** I certify. represent to Lender and agree:

    A. I am experiencing a financial hardship. and as a result. (i) I am in default under the Account Documents. and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

    B. (i) I live in the Property as my principal residence. and the Property has not been condemned; or (ii) I lived in the Property as a principal residence immediately prior to my displacement. (iii) I intend to re-occupy the Property as a principal residence in the future. (iv) I do not own any single-family real estate other than the Property. and (v) the Property has not been condemned; or (vi) The certifications I have made concerning my intended use of the Property and the number of single-family properties that I own continue to be true and correct on the date hereof. and the Property has not been condemned;

    C. There has been no change in the ownership of the Property since I signed the Account Documents;

    D. I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification program ("Program");

    E. Under penalty of perjury. all documents and information I have provided to Lender in connection with this Agreement. including the documents and information regarding my eligibility for the Program. are true and correct;

    F. If Lender requires me to obtain credit counseling in connection with the Program. I will do so; and

    G. I have made or will make all payments required under a Trial Period Plan or Account Workout Plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

    A. TIME IS OF THE ESSENCE under this Agreement;

    B. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that my representations in Section 1 are no longer true and correct. the Account Documents will not be modified and this Agreement will terminate. In that event. the Lender will have all of the rights and remedies provided by the Account Documents; and

    C. I understand that the Account Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender. and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Account Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met. the Account Documents will automatically become modified on 07/01/2017 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a workout plan or trial period plan. this modification will not take effect. The first modified payment will be due on 08/01/2017.

    A. The new Maturity Date will be: 11/01/2052.

    B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest. fees. escrow advances and other costs. but excluding unpaid late charges. collectively. "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Account. The new principal balance of my Note will be $577.318.31 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance. the added Unpaid Amounts accrue interest based on the interest rate in effect under this



Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance. which would not happen without this Agreement.

C. Interest at the rate of 2.000% will begin to accrue on the New Principal Balance as of 07/01/2017 and the first new monthly payment on the New Principal Balance will be due on 08/01/2017. My payment schedule for the modified Account is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1 - 5 | 2.000% | 07/01/2017 | $1.899.98 | $848.24. may adjust periodically | $2.748.22. may adjust periodically | 08/01/2017 | 60 |
| 6 | 3.000% | 07/01/2022 | $2.169.92 | May adjust periodically | May adjust periodically | 08/01/2022 | 12 |
| 7 - 35 | 3.875% | 07/01/2023 | $2.415.50 | May adjust periodically | May adjust periodically | 08/01/2023 | 352 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Account Documents. including but not limited to. provisions for an adjustable. step or simple interest rate.

I understand that. if I have a pay option adjustable rate mortgage account. upon modification. the minimum monthly payment option. the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified account will be the minimum payment that will be due each month for the remaining term of the Account. My modified Account will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Account Documents. as modified by this Agreement.
E. If a default rate of interest is permitted under the Account Documents. then in the event of default under the Account Documents. as amended. the interest that will be due will be the rate set forth in Section 3.C.
F. I agree to pay in full the Deferred Principal and any other amounts still owed under the Account Documents by the earliest of: (i) the date I sell or transfer an interest in the Property. (ii) the date I pay the entire Interest Bearing Principal Balance. or (iii) the Maturity Date.
G. If I make a partial prepayment of Principal. the Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

4. **Additional Agreements.** I agree to the following:

A. That all persons who signed the Account Documents or their authorized representative(s) have signed this Agreement. unless (i) a customer or co-customer is deceased; (ii) the customer and cocustomer are divorced and the property has been transferred to one spouse in the divorce decree. the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Account Documents); or (iii) the Lender has waived this requirement in writing.



B.  That this Agreement shall supersede the terms of any modification. forbearance. Trial Period Plan or Workout Plan that I previously entered into with Lender.

C.  To comply. except to the extent that they are modified by this Agreement. with all covenants. agreements. and requirements of Account Documents including my agreement to make all payments of taxes. insurance premiums. assessments. Escrow Items. impounds. and all other payments. the amount of which may change periodically over the term of my Account.

D.  **Funds for Escrow Items.** I will pay to Lender on the day payments are due under the Account Documents as amended by this Agreement. until the Account is paid in full. a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property. if any; (c) premiums for any and all insurance required by Lender under the Account Documents; (d) mortgage insurance premiums. if any. or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Account Documents; and (e) any community association dues. fees. and assessments that Lender requires to be escrowed. These items are called "Escrow Items". I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.D. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver. I shall pay directly. when and where payable. the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and. if Lender requires. shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Account Documents. as the phrase "covenant and agreement" is used in the Account Documents. If I am obligated to pay Escrow Items directly. pursuant to a waiver. and I fail to pay the amount due for an Escrow Item. Lender may exercise its rights under the Account Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Account Documents. and. upon such revocation. I shall pay to Lender all Funds. and in such amounts. that are then required under this Section 4.D.

Lender may. at any time. collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"). and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency. instrumentality. or entity (including Lender. if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge me for holding and applying the Funds. annually analyzing the escrow account. or verifying the Escrow Items. unless Lender pays me interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds. Lender shall not be required to pay me any interest or earnings on the Funds. Lender and I can agree in writing. however. that interest shall be paid on the Funds. Lender shall provide me. without charge. an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow. as defined under RESPA. Lender shall account to me for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow. as defined under RESPA. Lender shall notify me as required by RESPA. and I shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA. but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow. as defined under RESPA. Lender shall notify me as required by RESPA. and I shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA. but in no more than 12 monthly payments.



Upon payment in full of all sums secured by the Account Documents. Lender shall promptly refund to me any Funds held by Lender.

E. That the Account Documents are composed of duly valid. binding agreements. enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Account Documents. except as expressly modified by this Agreement. remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Account Documents; and that except as otherwise specifically provided in. and as expressly modified by. this Agreement. the Lender and I will be bound by. and will comply with. all of the terms and conditions of the Account Documents.

G. That. as of the Modification Effective Date. notwithstanding any other provision of the Account Documents. I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent. Lender may. at its option. require immediate payment in full of all sums secured by the Mortgage. However. Lender shall not exercise this option if state or federal law. rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option. Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period. Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That. as of the Modification Effective Date. I understand that the Lender will only allow the transfer and assumption of the Account. including this Agreement. to a transferee of my property as permitted under the Garn St. Germain Act. 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted. under any other circumstance. to assume the Account. Except as noted herein. this Agreement may not be assigned to. or assumed by. a buyer or transferee of the Property.

I. That. as of the Modification Effective Date. if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note. such provision is null and void.

J. That. I will cooperate fully with Lender in obtaining any title endorsement(s). or similar title insurance product(s). and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage account is in first lien position and/or is fully enforceable upon modification and that if. under any circumstance and not withstanding anything else to the contrary in this Agreement. the Lender does not receive such title endorsement(s). title insurance product(s) and/or subordination agreement(s). then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Plan if an error is detected after execution of this Agreement. I understand that a corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected Agreement. the terms of the original Account Documents shall continue in full force and effect. such terms will not be modified by this Agreement. and I will not be eligible for a modification under the Home Affordable Modification program.

L. That Lender will collect and record personal information. including. but not limited to. my name. address. telephone number. social security number. credit score. income. payment history. government monitoring information. and information about account balances and activity. In addition. I understand and consent to the disclosure of my personal information and the terms of the Trial Period Plan and this Modification Agreement by Lender to (a) the U.S. Department of the Treasury. (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (c) any investor. insurer. guarantor or servicer that owns. insures. guarantees or services my first lien or subordinate lien (if applicable) mortgage account(s); (d) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (e) any HUD certified housing counselor.

M. I agree that if any document related to the Account Documents and/or this Agreement is lost. misplaced. misstated. inaccurately reflects the true and correct terms and conditions of the account as modified. or is otherwise missing. I will comply with the Lender's request to execute. acknowledge. initial and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced. the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

N. If my Account Documents govern a home equity account or line of credit. then I agree that as of the Modification Effective Date. I am terminating my right to borrow new funds under my home equity account or line of credit. This means that I cannot obtain additional advances, and must make payments according to this Agreement. (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity account or line of credit, and if so. I confirm and acknowledge that no additional advances may be obtained.)

O. I acknowledge that this modification may have tax consequences for me. I understand that the Lender is required to report any debt forgiveness to the Internal Revenue Service. which may result in consequences regarding my federal. state or local tax liability. In addition. I understand that if I receive public assistance. the forgiveness of debt may affect my eligibility for these benefits. I acknowledge that the Lender cannot provide any advice or guidance regarding possible tax consequences or effect on any public assistance benefits. I further acknowledge that the Lender has advised that I may wish to consult with your tax professional about any possible tax consequences and/or the public assistance office regarding other consequences that may result from the forgiveness of debt.

In Witness Whereof. the Lender and I have executed this Agreement.

Ditech Financial LLC fka Green Tree Servicing. LLC
Lender

By: _____
~~Anita L. Garvin~~
~~Director. Default Services~~
~~License #: 1082252~~

_____
MICHAEL THOMAS

Date  8/14/17

By: _____
Susanne F. Roman
Licensed Loss Mitigation Specialist
License Number: 820539
Date: AUG 25 2017

_____
VELMA L. THOMAS

*See Separate Signature page*

Date

This communication is from a debt collector. It is an attempt to collect a debt. and any information obtained will be used for that purpose.

[Space Below This Line For Acknowledgments]

0001266303
HAMP Agreement

2017063017.1.0.4352-J20150825Y

6/8/2015
LTR-602



STATE OF WASHINGTON)

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        ) SS.

County of King        )

I certify that I know or have satisfactory evidence that
__MICHAEL THOMAS and VELMA L. THOMAS_____ is/are the person(s)
who appeared before me, and said person(s) acknowledged that he/she/they signed this
instrument and acknowledged it to be his/her/their free and voluntary act for the
uses and purposes mentioned in this instrument.

DATED: 8/14/2017

_____NotaryPublic

Name (typed or printed): Kevin W. Gallagher

NOTARY PUBLIC in and for the State of Washington

Residing at Seattle, WA Key Bank

My appointment expires: April 9, 2021

KEVIN WILLIAM GALLAGHER
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
APRIL 9, 2021

Imb Tracking Number: 00040000745228376264852840000000

M.  I agree that if any document related to the Account Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the account as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

N.  If my Account Documents govern a home equity account or line of credit, then I agree that as of the Modification Effective Date, I am terminating my right to borrow new funds under my home equity account or line of credit. This means that I cannot obtain additional advances, and must make payments according to this Agreement. (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity account or line of credit, and if so, I confirm and acknowledge that no additional advances may be obtained.)

O.  I acknowledge that this modification may have tax consequences for me. I understand that the Lender is required to report any debt forgiveness to the Internal Revenue Service, which may result in consequences regarding my federal, state or local tax liability. In addition, I understand that if I receive public assistance, the forgiveness of debt may affect my eligibility for these benefits. I acknowledge that the Lender cannot provide any advice or guidance regarding possible tax consequences or effect on any public assistance benefits. I further acknowledge that the Lender has advised that I may wish to consult with your tax professional about any possible tax consequences and/or the public assistance office regarding other consequences that may result from the forgiveness of debt.

In Witness Whereof, the Lender and I have executed this Agreement.

Ditech Financial LLC fka Green Tree Servicing, LLC
Lender

*See additional signature pages*

MICHAEL THOMAS

By: _____
Anita L. Garvin
Director, Default Services
License #: 1082252

Date

By: _____
Susanne F. Roman
Licensed Loss Mitigation Specialist
License Number: 820539

Date

AUG 25 2017

VELMA L. THOMAS

8/15/2017
Date

This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose.

[Space Below This Line For Acknowledgments]

0001266303
HAMP Agreement

6/8/2015
LTR-602

2017063017.1.0.4352-J20150825Y



STATE OF WASHINGTON)

                ) SS.

County of           )

I certify that I know or have satisfactory evidence that
__MICHAEL THOMAS and VELMA L. THOMAS_____ (is/are the person(s) who appeared before me, and said person(s) acknowledged that he/she/they signed this instrument and acknowledged it to be his/her/their free and voluntary act for the uses and purposes mentioned in this instrument.

DATED: 8/15/17

__1st Jud. District_____ NotaryPublic
__Juneau, AK.__

Name (typed or printed): Susan Reishus-O'Brien

NOTARY PUBLIC in and for the State of Alaska

Residing at Juneau, AK

My appointment expires: 6/1/19

# 150601001

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

ACKNOWLEDGMENT

STATE OF: Arizona,

County ss: Maricopa,

On this day of _____ AUG 2 5 2017 _____, before me, the undersigned, a Notary Public in and for said state, personally appeared

Susanne F. Roman, Licensed Loss Mitigation Specialist of Ditech Financial LLC

Personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity (ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public



NOTARY PUBLIC
STATE OF ARIZONA
Maricopa County
Fred Lenz
Commission #134645
My Commission Expires April 14, 2019

# EXHIBIT "A"

Lot(s) 39, Maple Ridge Highlands Division 4, according to the plat thereof recorded in Volume 226 of Plats, page(s) 37 through 34, in King County, Washington.

Parcel ID Number: 510454-0390-07