1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL THOMAS,

                Plaintiff,

        v.

FLAGSTAR BANK, NA, and GREEN TREE
SERVICING LLC,

                Defendants.

Case No. C15-1309RSL

ORDER DENYING MOTION
FOR SUMMARY
JUDGMENT

       This matter comes before the Court on "Green Tree Servicing LLC's Motions for

Summary Judgment." Dkt. # 38. The Court has considered the parties' filings, memoranda, and

exhibits. For the following reasons, the motion is DENIED.

## I.    BACKGROUND

       This lawsuit stems from a mortgage dispute between Michael Thomas and his loan

servicer, Green Tree Servicing LLC (hereinafter "Green Tree"). Green Tree took over servicing

Thomas's home loan in January 2014. The Federal Home Loan Mortgage Corporation ("Freddie

Mac") owned the loan, and Green Tree was its servicer. Servicers collect fees and other income

for handling a loan's day-to-day account-maintenance activities like tracking balances and

collecting payments. Servicers also handle defaulted loans and prosecute foreclosures. When

Green Tree took over the loan, Mr. Thomas was in foreclosure mediation with his previous

servicer. Mediation continued with Green Tree, and while it was underway the parties sought to

modify the loan under the federal Home Affordable Modification Program ("HAMP").

ORDER DENYING MOTION FOR SUMMARY JUDGMENT - 1

1    HAMP is a program that the Secretary of the Treasury introduced in 2009 to encourage

2  loan modifications for struggling homeowners and allow them to avoid foreclosure. HAMP's

3  modification process proceeds in several steps. See Corvello v. Wells Fargo Bank, NA, 728 F.3d

4  878, 880 (9th Cir. 2013), as amended (Sep. 23, 2013). First, struggling borrowers submit loan

5  and financial information to determine their eligibility. Once the servicer determines that a

6  homeowner is eligible, it offers them a Trial Period Plan ("TPP") agreement. The TPP

7  agreement allows the homeowner to make reduced or modified payments while the parties work

8  toward a permanent modification. To do so, the homeowner and servicer must verify that the

9  homeowner satisfies the conditions for a permanently modified loan. For Freddie Mac loans,

10 one of those conditions is ensuring the mortgage will retain first lien priority compared to any

11 other liens against the property. 2 Freddie Mac, Single-Family Seller/Servicer Guide

12 § B65.20(1)(b) (Jun. 24, 2014).[1] If the borrower satisfies all the relevant conditions, including

13 making the trial payments, the parties execute a permanently modified loan.

14    On August 6, 2014, Green Tree extended Mr. Thomas an offer to enter into a TPP

15 agreement. The offer included the following language:

16    You must contact us . . . to indicate your intent to accept this offer no later than
      **August 20, 2014**. If you contact us by **August 20, 2014** to indicate your intent to
17    accept this offer, we will not refer your account to foreclosure or if your account has
18    been referred to foreclosure, we will suspend the next legal action in the foreclosure
      proceedings.
19
      However, if you do not respond by **August 20, 2014**, foreclosure proceedings may
20    continue, and a foreclosure sale may occur, even if such sale is scheduled prior to
21    the first payment due date set forth below. If a foreclosure sale occurs prior to your
      making your first payment and you failed to respond by **August 20, 2014**, this offer
22    has been revoked.
23    **TIME IS OF THE ESSENCE.**

24

25

---

26 [1] Freddie Mac's Single-Family Seller/Servicer Guide is regularly updated with agency bulletins, letters,
27 and other revisions. The most updated version and other associated information is available at
   http://www.freddiemac.com/singlefamily/guide. The version in effect at the time of Green Tree's TPP
28 letter is available at http://www.freddiemac.com/singlefamily/guide/bulletins/pdf/062414Guide.pdf.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT - 2

Dkt. # 39-2. (bold in original). Under the heading "**To Accept This Offer**," the letter stated Mr. Thomas should notify Green Tree of his intent to accept the offer and he should make his first TPP payment by September 1, 2014. Id.

Mr. Thomas timely notified Green Tree that he intended to accept the offer and he started making payments, thus beginning the process of moving toward a permanently modified loan. The final foreclosure mediation was scheduled for January 21, 2015. The parties do not dispute that Mr. Thomas properly made, and Green Tree accepted, three TPP payments and two additional monthly payments before the final mediation session.

On January 16, 2015, Green Tree received a report from First American Title showing three federal tax liens recorded against Mr. Thomas's home between 2009 and 2013. Those three liens were in the amounts of $6,155.01 (recorded January 6, 2009), $594.51 (recorded February 6, 2009), and $98,666.70 (recorded May 3, 2013). Green Tree had previously received reports with title information about the property. When the previous servicer transferred Mr. Thomas's loan to Green Tree, the transfer included a March 2013 title report that included information about the two 2009 liens. Dkt. # 42 at 17. A title report ordered sometime in October 2014 showed those two liens as well. Dkt. # 42 at 32.[2]

At the final mediation session on January 21, Green Tree informed Mr. Thomas of the liens, and informed him that he was not eligible for a modification because the liens prevented Green Tree from obtaining title insurance. Dkt. # 38 at 8. Two days later, Green Tree notified Mr. Thomas that he was not eligible for a HAMP modification (or for any other modification) because "[Mr. Thomas's] account did not meet one or more of the basic eligibility criteria of the program." Dkt. # 39-4.

---

[2] In its reply, Green Tree objects to and moves to strike the October 2014 title report and other information that Green Tree produced to Mr. Thomas during discovery, arguing that the documents are hearsay and that they have not been authenticated. Dkt. # 48 at 8. The information in the reports appears in materials Green Tree itself cites, so any truth for which the documents may be offered does not appear to be in dispute. If Green Tree credibly believes that the October 2014 title report is not what it purports to be, Green Tree is welcome to move for its exclusion in a separate motion. For the purposes of this motion, however, Green Tree's request is denied.

1    The parties dispute several items in the facts leading up to that denial. Importantly, the

2    parties do not agree on when, or the extent to which, Green Tree knew of the property's title

3    issues. They also disagree on when Green Tree notified Mr. Thomas of those issues.[3]

4    Mr. Thomas filed a complaint in King County Superior Court seeking to forestall the

5    impending foreclosure on his home and seeking various forms of damages. Dkt. # 4. The

6    complaint alleges claims for breach of contract, violation of Washington's Consumer Protection

7    Act ("CPA"), RCW 19.86.20, and negligent misrepresentation. Id.

8    Green Tree removed the matter to federal court. Dkt. # 1. After discovery, Green Tree

9    moved for summary judgment on all of Mr. Thomas's claims. Dkt. # 38.

10                              **II.    DISCUSSION**

11    Summary judgment is appropriate when, viewing the facts in the light most favorable to

12    the nonmoving party, there is no genuine issue of material fact and the moving party is entitled

13    to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment

14    "bears the initial responsibility of informing the district court of the basis for its motion,"

15    Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and "citing to particular parts of materials in

16    the record" that show the absence of a genuine issue of material fact, Fed. R. Civ. P. 56(c). Once

17    the moving party has satisfied its burden, it is entitled to summary judgment if the nonmoving

18    party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex,

19    477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving

20    party . . . and draw all reasonable inferences in that party's favor." Krechman v. Cty. of

21    Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013).

22    As a preliminary matter, Green Tree emphasizes that Mr. Thomas's response includes

23    facts and theories not explicitly articulated in his complaint. Green Tree argues that Mr. Thomas

24

25    [3] To this point, Mr. Thomas requests that the Court strike certain portions of the declaration submitted
by Christy Christensen, Dkt. # 39, because she lacks personal knowledge of the declaration's subject

26    matter. Green Tree does not oppose that request regarding at least one sentence, see Dkt. # 45 at 8, and
the Court accordingly strikes that sentence from the record. To the extent Mr. Thomas seeks to strike

27    additional portions of Ms. Christensen's declaration, those portions did not impact the Court's ruling and

28    the Court declines that request.

ORDER DENYING MOTION FOR SUMMARY JUDGMENT - 4

must have amended his complaint for the Court to consider these facts and theories at this stage. "Notice pleading requires the plaintiff to set forth in his complaint *claims for relief,* not causes of action, statutes or legal theories." Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008) (emphasis in original). A complaint need only put a defendant on notice of the claims the defendant will face. The complaint does not limit the facts or legal theories plaintiff can later rely on to prove those claims. For that reason, the Court rejects defendant's suggestion that the Court ignore facts or theories not included in the complaint.

**A.     Breach of Contract**

Green Tree moves for summary judgment on Mr. Thomas's contract claim. Formation of a valid contract requires offer, acceptance, and consideration. See Yakima Cty. Fire Prot. Dist. No. 12 (West Valley) v. Yakima, 122 Wn.2d 371, 389–90 (1993). A breach is actionable if "the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus., 78 Wn. App. 707, 712 (1995).

In addition to parties' express duties under the terms of a contract, "[t]here is in every contract an implied duty of good faith and fair dealing." Badgett v. Sec. State Bank, 116 Wn.2d 563, 569 (1991). "This duty obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." Id. "Good faith performance of a contract requires being faithful to the agreed common purpose of the contract and performing consistently with the justified expectations of the other parties." Microsoft Corp. v. Motorola, Inc., 963 F. Supp. 2d 1176, 1184 (W.D. Wash. 2013). The duty's precise scope varies depending on the agreement's context, but examples of breach include "(1) evad[ing] the spirit of a bargain; (2) willfully render[ing] imperfect performance; (3) interfer[ing] with or fail[ing] to cooperate in the other party's performance; (4) abus[ing] discretion granted under the contract; or (5) perform[ing] the contract without diligence." Id.

Here, the Court finds Mr. Thomas has sufficiently raised a genuine issue of material fact as to whether Green Tree proceeded in good faith. The TPP letter was an offer. Green Tree explicitly held it out as an offer, and it expressly invokes terms of contractual significance like "offer," "acceptance," "revoke," and "time is of the essence." The letter provides for the means

ORDER DENYING MOTION FOR SUMMARY JUDGMENT - 5

1   of acceptance, which Mr. Thomas fulfilled by timely manifesting an intent to accept the offer

2   and by making payments.

3        Mr. Thomas's payments and manifestation of acceptance created a contractual agreement

4   between him and Green Tree. Green Tree would not be actually obligated to permanently

5   modify Mr. Thomas's loan unless he satisfied all the TPP requirements and made all the trial

6   payments, see Corvello, 728 F.3d at 883, but once Mr. Thomas accepted and began making

7   payments, Green Tree was nonetheless subject to a duty of good faith and fair dealing.

8        Green Tree asserts that the title issues prevented a modification of Mr. Thomas's loan,

9   and that it properly denied his modification based on the Freddie Mac guidelines. Dkt. # 38 at 7–

10  9. That assertion does not preclude Mr. Thomas from moving forward with his claim. Evidence

11  in the record supports an inference that Green Tree knew of title issues with the property when it

12  took over the loan in January 2014 and was again alerted to title issues based on the October

13  2014 title report. Green Tree nonetheless undertook the TPP process, collected fees from Mr.

14  Thomas's payments, and then summarily refused him any kind of modification. Those facts

15  support an inference that Green Tree did not proceed in good faith—for example, by

16  undertaking the process with no intent of actually modifying the loan, by waiting until the

17  eleventh hour to alert Mr. Thomas to a fatal flaw in his application, or by failing to afford Mr.

18  Thomas an opportunity to address the title issues before summarily denying his application. See

19  Microsoft Corp., 963 F. Supp. 2d at 1184. Mr. Thomas has accordingly raised a genuine issue of

20  material fact regarding whether Green Tree breached its duty of good faith and fair dealing

21  sufficient to avoid summary judgment on his breach-of-contract claim.

22  **B.      Washington Consumer Protection Act**

23       Green Tree moves for summary judgment on Mr. Thomas's CPA claim, arguing that Mr.

24  Thomas cannot show an unfair or deceptive act, that he cannot show an impact on the public

25  interest, and that he cannot show Green Tree caused the alleged harm. Dkt. # 38 at 13.

26       The elements of a Consumer Protection Act claim are (1) an unfair or deceptive act or

27  practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a

28  person's business or property, and (5) causation. Panag v. Farmers Ins. Co. of Wash., 166

ORDER DENYING MOTION FOR SUMMARY JUDGMENT - 6

Wn.2d 27, 37 (2009). As noted, at issue here are the elements of an unfair or deceptive act, an impact on the public interest, and causation. Dkt. # 38 at 13.

To be unfair or deceptive, an act or practice need only have the capacity to deceive and the defendant need not have intended it to do so. Deegan v. Windermere Real Estate/Ctr.-Isle, Inc., 197 Wn. App. 875, 885 (2017). "[K]nowing failure to reveal something of material importance is 'deceptive' within the CPA." Indoor Billboard/Washington, Inc. v. Integra Telecom of Wash., Inc., 162 Wn.2d 59, 75 (2007) (marks and citation omitted). "Deception exists if there is a representation, omission or practice that is likely to mislead a reasonable consumer." Panag, 166 Wn.2d at 50 (marks and citation omitted). Here, the record supports an inference that Green Tree undertook the TPP process with no intention of modifying Mr. Thomas's loan, or that Green Tree accepted Mr. Thomas's payments while failing to disclose a fatal flaw in his application. Even if Green Tree did not intentionally deceive Mr. Thomas, the record supports an inference that Green Tree's conduct would mislead an average loan customer, see Panag, 166 Wn.2d at 50, or that Green Tree knowingly failed to reveal an item (that is, the title issues) of material importance, see Indoor Billboard, 162 Wn.2d at 75.

Regarding the act's impact on the public interest, an allegedly unfair or deceptive act affects the public interest if it is likely that other parties have been or will be injured in the same fashion. Michael v. Mosquera–Lacy, 165 Wn.2d 595, 604–05 (2009). The relevant factors in that determination—none of which is required or dispositive—include whether the alleged acts occurred in the defendant's course of business, whether the defendant advertised to the public in general, whether the defendant actively solicited the plaintiff, and whether the plaintiff and defendant have unequal bargaining positions. Id. Here, the allegedly deceptive and unfair acts occurred in the course of Green Tree's business and the TPP offer, subsequent correspondences, and summary denial all came in form letters that do not appear particularized to Mr. Thomas. In addition, Green Tree was in a superior informational position in that the standards for modification, including the Freddie Mac guidelines, are likely to be unknown to the borrowers whose loans Green Tree services. Mr. Thomas has shown an impact on the public interest sufficient to withstand summary judgment.

1    Regarding causation, a plaintiff may establish the CPA's causation element if "but for the

2 defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury."

3 Schnall v. AT&T Wireless Servs., Inc., 171 Wn.2d 260, 278 (2011). The record supports an

4 inference that but for Green Tree's allegedly deceptive acts, Mr. Thomas would not have

5 expended time, money, and other resources in furtherance of the modification. See id. For all

6 these reasons, Mr. Thomas has raised a genuine issue of material fact sufficient to avoid

7 summary judgment on his CPA claim.

8  **C.    Negligent Misrepresentation Claim**

9    Green Tree moves for summary judgment on Mr. Thomas's claim of negligent

10 misrepresentation, arguing it owed Mr. Thomas no duty outside of their contractual relationship

11 and that Mr. Thomas cannot show Green Tree made a misrepresentation.

12    The tort of negligent misrepresentation requires showing that a defendant negligently

13 supplied false information in the course of business, and that plaintiff reasonably and

14 detrimentally relied on the false information. Merriman v. Am. Guarantee & Liab. Ins. Co., 198

15 Wash. App. 594, 613 (2017).

16    An important limitation on the availability of a negligent misrepresentation claim is the

17 independent duty doctrine, which provides that a contractual relationship may only give rise to

18 tort claims so long as the defendant breached a duty arising independently of the terms of the

19 contract. Donatelli v. D.R. Strong Consulting Eng'rs, Inc., 179 Wn.2d 84, 92 (2013). A duty to

20 avoid negligent misrepresentation may arise independently of a contract if a defendant's

21 misrepresentation induces the plaintiff to enter into the contract in the first place. Id. at 95. A

22 party may also have a duty to disclose material facts peculiarly within that party's superior or

23 specialized knowledge. Van Dinter v. Orr, 157 Wn.2d 329, 334 (2006); Colonial Imports, Inc. v.

24 Carlton Nw., Inc., 121 Wn.2d 726, 732 (1993).

25    The Court rejects Green Tree's argument that Mr. Thomas cannot prove it made a

26 misrepresentation. For purposes of a negligent misrepresentation claim, a misrepresentation may

27 consist of explicitly false information or accurate information that is misleading, see Dewar v.

28 Smith, 185 Wn. App. 544, 562 (2015), including representations about defendant's intentions

and future conduct, see Flower v. T.R.A. Indus., Inc., 127 Wn. App. 13, 32 (2005). Mr. Thomas's claim rests on Green Tree's representation to Mr. Thomas that he was eligible for a modification even though Green Tree knew or should have known that then-existing title issues would preclude a modification. Evidence in the record raises a genuine issue of material fact as to whether that was the case.

The Court also finds that Green Tree owed Mr. Thomas a duty not to commit negligent misrepresentation independent of the contractual duties that flowed from the TPP agreement. The misrepresentation that Mr. Thomas alleges—that is, that nothing disqualified him from eventually obtaining a modification—was one assumption that induced him to enter into the TPP agreement and to make payments that in turn supplied Green Tree fees. In addition, Green Tree had specialized knowledge of the criteria for downstream eligibility and of Mr. Thomas's title status. Green Tree owed Mr. Thomas a duty not to commit negligent misrepresentation that arose independently from the TPP agreement.

**D.      Damages**

Green Tree moves for summary judgment regarding several forms of damages that Mr. Thomas seeks. Specifically, Green Tree moves for summary judgment as to Mr. Thomas's demand for emotional distress damages in his breach-of-contract claim. With certain limited exceptions, damages for mental or emotional distress are not recoverable in contract. Repin v. State, 198 Wn. App. 243, 256 (2017). The limited exceptions are cases where breach carries with it a particularly likely risk of severe emotional disturbance. Id. (citing Restatement (Second) of Contracts § 353 cmt. a). Mr. Thomas asserts that his case falls in that category given the emotional distress that proceeds from a foreclosure and the prospect of losing one's home. Mr. Thomas cites no authority for that proposition, but even if foreclosure falls in that category generally, Mr. Thomas had already faced the prospect of losing his home for quite some time. Nothing in the record suggests the additional marginal distress that Green Tree's alleged breach may have caused him rose to the level of particularly likely and severe distress. See id.

1        Green Tree also moves for summary judgment to the extent Mr. Thomas seeks emotional

2   distress damages for his CPA claim. The Court does not read the complaint as seeking

3   emotional distress damages for the CPA claim, nor does Mr. Thomas's response indicate that.

4        Finally, Green Tree challenges Mr. Thomas's demand for the costs associated with filing

5   this lawsuit as a measure of damages flowing from Green Tree's alleged breach of contract. The

6   parties agree that costs of suit are not recoverable as damages for breach of contract, but that Mr.

7   Thomas may be entitled to costs pursuant to RCW 4.84.010. Dkt. # 38 at 12; Dkt. # 41 at 14.

8                 **III.    CONCLUSION**

9        For the foregoing reasons, Green Tree's motion for summary judgment, Dkt. # 38, is

10  DENIED. Emotional distress damages are not available for Mr. Thomas's claim of breach of

11  contract.

12       DATED this 26th day of March, 2018.

13

14

15                                   _MM S Lasnik_

16                                 Robert S. Lasnik
                                   United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING MOTION FOR SUMMARY JUDGMENT - 10