Christina L. Henry, WSBA# 31273
chenry@hdm-legal.com
Henry & DeGraaff, PS
150 Nickerson St, Ste. 311
Seattle, WA 98109
Tel: +1-206-330-0595
Fax: +1-206-400-7609

Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

MICHAEL THOMAS,

    Plaintiff,

v.

GREEN TREE SERVICING LLC,

    Defendant

Case No.: 2:15-cv-01309-RSL

AMENDED COMPLAINT

Comes now Plaintiff Michael Thomas by and through his attorneys, Christina L. Henry and Jacob D. DeGraaff of Henry & DeGraaff, PS, and files the within Amended Complaint for violations of the Washington State Consumer Protection Act, Breach of Contract, Breach of Good Faith and Fair Dealing, Negligent Misrepresentation, the Equal Credit Opportunity Act (ECOA), and the Tort of Outrage.

## I.    **PRELIMINARY STATEMENT**

1.    This is an action by Plaintiff Michael Thomas to determine that the foreclosure sale of the property located at 27546 254th Way SE, Maple Valley, Wash. is wrongful and should not proceed; that Green Tree Servicing LLC n/k/a Ditech Financial LLC improperly denied the Plaintiff a loan modification based on invalid criteria, all while accepting his mortgage payments under false pretenses; and wrongfully and unilaterally demanded changes in its agreed-upon contract with the Plaintiff based upon improper calculations.

AMENDED COMPLAINT FOR VIOLATION OF
THE WASHINGTON STATE CONSUMER
PROTECTION ACT, BREACH OF CONTRACT,
AND NEGLIGENT MISREPRESENTATION - 1

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

2.	Plaintiff Michael Thomas ("Mr. Thomas") is the owner of the residence located at 27546 254th Way SE, Maple Valley, Wash. ("Residence").

3.	Defendant Green Tree Servicing LLC n/k/a Ditech Financial LLC ("Green Tree") is the current servicer of the mortgage loan secured by the Residence.

4.	Green Tree is the successor in interest on the mortgage loan to Flagstar Bank LLC ("Flagstar"), which originated the mortgage loan on the Residence on June 11, 2008 in the amount of $398,000.

**A.	Plaintiff Seeks a Loan Modification**

5.	After making payments on the loan for several years, Mr. Thomas fell behind on the mortgage and sought a loan modification from Flagstar.

6.	In September 2012, Flagstar offered Thomas a trial period plan (TPP) under the federal Home Affordable Modification Program (HAMP). The TPP specified that Mr. Thomas would be offered a permanent loan modification if he complied fully with the terms of the agreement, including making three monthly mortgage payments at a reduced rate.

7.	Although Mr. Thomas made all three trial payments on time as agreed, Flagstar claimed Mr. Thomas had not made additional payments required to finalize the modification, and revoked its permanent modification offer in February 2013.

8.	In preparation for foreclosure proceedings, the trustee ordered a title report for the property in March 2013. This report included details about three payroll tax liens that had been recorded against the property on behalf of the federal government in connection with a house painting business that Mr. Thomas owned and operated until 2010.

9.	Because of the nature of liens being tied to Mr. Thomas's business rather than his home, Mr. Thomas was unaware of the existence of these liens, and would not learn about them for three more years.

10.	In April 2013, Flagstar initiated foreclosure against Mr. Thomas's property.

AMENDED COMPLAINT FOR VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, BREACH OF CONTRACT, AND NEGLIGENT MISREPRESENTATION - 2

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

11.     Mr. Thomas hired an attorney and continued to seek a loan modification through mediation under the terms of the Foreclosure Fairness Act ("FFA"), Wash. Rev. Code 61.24.163. This process began in December 2013, and lasted through January 2015.

12.     Servicing of the loan transferred to Green Tree on January 16, 2014.

13.     As part of the FFA mediation session, Green Tree offered Mr. Thomas the opportunity to participate in a Trial Plan Period ("TPP") to determine whether Mr. Thomas was eligible for a modification under HAMP. The Trial Period consisted of three monthly modified payments of $ 2555.21 starting in September 2014, which Mr. Thomas completed successfully.

14.     Green Tree's offer letter dated August 6, 2014 included the following instructions on how to accept the offer of modification:

> You must contact us . . . to indicate your intent to accept this offer no later than **August 20, 2014**. If you contact us by **August 20, 2014** to indicate your intent to accept this offer, we will not refer your account to foreclosure or if your account has been referred to foreclosure, we will suspend the next legal action in the foreclosure proceedings.
>
> However, if you do not respond by **August 20, 2014**, foreclosure proceedings may continue, and a foreclosure sale may occur, even if such sale is scheduled prior to the first payment due date set forth below. If a foreclosure sale occurs prior to your making your first payment and you failed to respond by **August 20, 2014**, this offer has been revoked.
>
> **TIME IS OF THE ESSENCE.**

15.     Mr. Thomas timely notified Green Tree that he intended to accept the offer.

16.     Mr. Thomas timely made all three of the monthly payments as agreed, and Green Tree accepted the payments.

17.     In October 2014, following Mr. Thomas's second timely TPP payment, Green Tree obtained a title report for the Residence. As with the 2013 title report requested by Flagstar, this report listed the three federal tax liens on the property.

18.     Green Tree did not contact Mr. Thomas about the liens, and Mr. Thomas remained unaware of their existence.

19.     On November 7, 2014, four days after Mr. Thomas submitted his third TPP payment, Green Tree sent him a Notice of Default announcing their intent to foreclose on the

AMENDED COMPLAINT FOR VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, BREACH OF CONTRACT, AND NEGLIGENT MISREPRESENTATION - 3

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

1 Residence if he did not cure the default. Regardless, Mr. Thomas made his December 2014 and January 2015 mortgage payments according to the terms of the loan modification as both parties had agreed to, and Green Tree accepted both payments.

### B.     Defendant Wrongfully Denies the Loan Modification

20.     Mr. Thomas attended his final FFA mediation session on January 21, 2015. At that session, for the first time, representatives of Green Tree informed Mr. Thomas that a title report (which the bank had requested only five days earlier on January 16, 2015) had revealed the existence of federal liens on the property, that the title company used by Green Tree required that the liens be removed before they would issue title insurance, and that Green Tree would therefore be unable to offer him a permanent loan modification.

21.     The liens reported on the 2015 title report were the same liens that had been reported on the title reports obtained by Flagstar in March 2013 and by Green Tree in October 2014.

22.     Green Tree acknowledges that it received the March 2013 title report commissioned by the foreclosure trustee at the time that it took over the loan from Flagstar.

23.     Despite possessing knowledge of the existence of the liens, Green Tree never contacted Mr. Thomas about them before the January 21, 2015 FFA mediation session, and he was unaware of their existence before that date.

24.     On information and belief, when acquiring a loan, Green Tree performs extensive due diligence procedures, customized for each transaction, that include verifying the loan data and records that have been sent by the prior loan servicer.

25.     It is not and never has been a necessary condition of receiving a modification that the federal tax liens be cleared prior to finalizing the modification.

26.     Green Tree has produced no evidence that its title company required the removal of the tax lien encumbrances before it would issue title insurance.

AMENDED COMPLAINT FOR VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, BREACH OF CONTRACT, AND NEGLIGENT MISREPRESENTATION - 4

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

27. Green Tree applied the five TPP payments of $2,555.21 a month for the months of September, October, November, and December 2014 and January 2015 in the total amount of $7,665.63.

28. After the denial of the loan modification, Mr. Thomas incurred monthly payments of $3,710.31 a month at 6.5 percent interest from February 2015 through July 2017.

29. Mr. Thomas served Green Tree with the original complaint for this action in July 2015, to prevent the foreclosure on his home. Citing diversity, Green Tree removed the case from King County Superior Court to U.S. District Court in August 2015.

30. Green Tree initiated a non-judicial foreclosure action in November 2015 against Mr. Thomas that relied on a Notice of Default issued two years earlier, in March 2013. Mr. Thomas sought and received a stipulation and agreement from Green Tree to suspend the foreclosure sale, in exchange for Mr. Thomas making monthly payments into the court registry.

**C.    Defendant's Subsequent Violations**

31. Mr. Thomas and Green Tree[1] entered into mediation on November 2, 2016 before retired King County Superior Court Judge Bruce W. Hilyer, resulting in a litigation stand-still agreement signed by both parties which specified, among other things, that Green Tree would accept a new loan modification application from Mr. Thomas and offer him the best available TPP for which he qualified.

32. Mr. Thomas received another HAMP loan modification offer from Green Tree on February 28, 2017.

33. Mr. Thomas timely made three trial payment of $3,368.88 each for April, May, and June of 2017, in accordance with the terms of the new TPP.

---

[1] Green Tree Servicing LLC was rebranded Ditech Financial LLC in late 2015. For the sake of clarity and compatibility with the caption, this complaint refers to the entity as "Green Tree" throughout.

AMENDED COMPLAINT FOR VIOLATION OF
THE WASHINGTON STATE CONSUMER
PROTECTION ACT, BREACH OF CONTRACT,
AND NEGLIGENT MISREPRESENTATION - 5

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

34. Green Tree approved Mr. Thomas's loan modification on June 30, 2017, with new payments scheduled to start in August. The new terms specified lower payments of $2,748.22 a month at 2.0 percent interest (down from $3,710.31 at 6.5 percent) for five years, with payments stepped up subsequently as shown in the following chart:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment | Estimated Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1–5 | 2.000% | 7/1/2017 | $1,899.98 | $848.24, may adjust periodically | $2,748.22, may adjust periodically | 8/1/2017 | 60 |
| 6 | 3.000% | 7/1/2022 | $2,169.92 | May adjust periodically | May adjust periodically | 8/1/2022 | 12 |
| 7–35 | 3.875% | 7/1/2023 | $2,415.50 | May adjust periodically | May adjust periodically | 8/1/2023 | 352 |

35. The modification was agreed to by Green Tree and recorded in King County, Wash. on August 30, 2017.

36. Mr. Thomas and Green Tree agreed to a stipulated motion to disburse Mr. Thomas's mortgage payments from the court registry to Green Tree, which this Court signed on September 21, 2017.

37. In January of 2018, Mr. Thomas attempted to make his scheduled monthly mortgage payment, but Green Tree did not accept it.

38. In late January of 2018, Mr. Thomas received a letter from Green Tree dated January 24 that began "Congratulations! You are eligible for a Home Affordable Modification." Mr. Thomas was confused by this letter, as he had already agreed to a modification in 2017.

39. A few days later, Mr. Thomas received another letter from Green Tree, dated January 29. This letter stated that there were "minor discrepancies" in the 2017 loan modification agreement and that the modification needed to be redrawn. It included a copy of the January 24 letter and advised Mr. Thomas that he needed to execute and return the revised agreement to

AMENDED COMPLAINT FOR VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, BREACH OF CONTRACT, AND NEGLIGENT MISREPRESENTATION - 6

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

Green Tree by February 7, 2018—nine days after the January 29 letter was drafted—or Green Tree might revoke the modification entirely and revert to the pre-modification loan terms.

40. At the time, Mr. Thomas's wife was visiting family in Alaska and could not easily contribute her signature to the documents requested on short notice by Green Tree.

41. Mr. Thomas again attempted to make his mortgage payment in February of 2018, and once again Green Tree did not accept it.

42. Despite Green Tree's warning that the 2017 modification might be revoked if Mr. Thomas did not sign and return the revised agreement by February 7, Mr. Thomas received a statement from Green Tree dated February 16, 2018 stating the amount owed according to the post-modification terms.

43. Counsel for Mr. Thomas and Green Tree discussed the problem in February, but were unable to come to any mutually satisfactory agreement.

44. On March 16, 2018, Mr. Thomas transmitted a Notice of Error (NOE) to Green Tree pursuant to 12 C.F.R. § 1024.35 ("Regulation X"), notifying it of its failure to accept Mr. Thomas's mortgage payments and to apply them to his account, among other errors.

45. Also on March 16, Mr. Thomas transmitted a Request for Information (RFI) to Green Tree pursuant to 12 C.F.R. § 1024.36, requesting information about the "discrepancies" in his modification agreement and why Green Tree had signed it, among other issues.

46. Mr. Thomas received a mortgage statement from Green Tree dated March 16, 2018, stating the amount owed according to the post-modification terms.

47. Mr. Thomas subsequently received a mortgage statement from Green Tree dated March 27 stating the amount owed according to the *pre*-modification terms.

48. In April of 2018, Mr. Thomas received a response to his NOE and RFI from Green Tree, dated April 19. The response stated that "when an audit was later completed, a recalculation of the proposed totals found an error in the amortization of the account, which would have left a portion of the principal balance unpaid and owed at the maturity date. . . .

AMENDED COMPLAINT FOR VIOLATION OF
THE WASHINGTON STATE CONSUMER
PROTECTION ACT, BREACH OF CONTRACT,
AND NEGLIGENT MISREPRESENTATION - 7

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

1  Please be advised that because the corrected agreement was not executed and returned to [Green
2  Tree], within the required time-frame, the process of removing the terms of the Home Affordable
3  Modification Agreement began on March 20, 2018 and was completed on March 27, 2018. At
4  this time, the account reflects a contractual due date of August 01, 2012."

49. Although Green Tree contends that the 2017 loan modification terms were calculated erroneously, an analysis of the three mortgage amortization schedules that apply over the life of the loan reveals that the 2017 terms as recorded would in fact pay the loan off completely during its lifetime, with an overpayment of approximately $28 occurring during the final month of the loan in October 2052.

50. By contrast, the terms of the revised modification demanded by Green Tree in February 2018 would result in an overpayment of more than *$130,000* at the end of the loan's 35-year lifetime.

### D.   Plaintiff's Damages

51. As a result of Green Tree's conduct, the Plaintiff has incurred excess compound interest in increased payments paid or assessed to his loan from February 2015 through to the present, based on the loan modification payment of $2,555.21 in the TPP offer from August 2014 that should have converted to a permanent loan modification in January 2015. The unilateral revocation of the August 2017 loan modification reversed any attempt by Green Tree to mitigate these damages.

52. As a result of Green Tree's denial of Mr. Thomas's loan modifications, he has incurred fees associated with the foreclosure Green Tree initiated in the amount of $2,872.41 and $2,430.00 for dispute resolution with Judge Hilyer.

53. As a result of Green Tree's denial of Mr. Thomas's loan modification, he has wrongly incurred fees for property inspections after January 2015, and statutory fees incurred by Green Tree in the FFA mediation that are erroneous and the result of Green Tree's denial of the January 2015 loan modification and unilateral revocation of the August 2017 modification.

AMENDED COMPLAINT FOR VIOLATION OF
THE WASHINGTON STATE CONSUMER
PROTECTION ACT, BREACH OF CONTRACT,
AND NEGLIGENT MISREPRESENTATION - 8

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

54. As a result of Green Tree's denial of Mr. Thomas' loan modification, he has incurred late fees on his account that would have been waived with the loan modification but remain on his account as a result of Green Tree's denial of the January 2015 loan modification and unilateral revocation of the August 2017 modification.

55. The Plaintiff alleges that Green Tree induced him to pay mortgage payments from September 2014 to January 2015 and from April 2017 until December 2017 and induced the court to allow the withdrawal of funds from the court registry.

56. The Plaintiff alleges that he has suffered damages to his reputation among his family and friends as a result of Green Tree's conduct.

57. The Plaintiff alleges that he suffered substantial emotional harm as a result of Green Tree's reckless conduct associated with the loan modifications process.

58. Green Tree's conduct was outrageous in character and extreme in degree such that it went beyond all bounds of decency.

59. The Plaintiff alleges that Green Tree has acted in a deliberate or reckless disregard for Plaintiff's rights.

60. The Plaintiff alleges that Green Tree's conduct entitles him to attorney's fees and costs.

## II. CAUSES OF ACTION AGAINST GREEN TREE

### A. First Claim: Breach of Contract

61. Plaintiff incorporates herein by reference as though fully set forth at length each and every preceding allegation and statement contained herein, inclusive, of the Factual Allegations.

62. Defendant Green Tree offered Plaintiff trial period plans that upon completion should have been converted to final modifications. The language in the trial period plans indicated that upon successful completion of the trial period plans the Plaintiff would be offered a modification.

AMENDED COMPLAINT FOR VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, BREACH OF CONTRACT, AND NEGLIGENT MISREPRESENTATION - 9

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

63. Green Tree made an offer to enter into a contract in August 2014 when it offered Plaintiff a TPP for a loan modification. Plaintiff agreed to enter into the contract, and fulfilled his acceptance of the contract by submitting timely payments in compliance with the terms of the offer. Green Tree then breached the contract when it wrongfully denied Plaintiff a permanent loan modification after Plaintiff fully complied with the terms of the offer.

64. Green Tree again made Plaintiff an offer to enter into a contract in February 2017 with a new TPP offer. Plaintiff once again fulfilled the terms of the contract by making payments as required by the terms. Green Tree then granted the loan modification under the agreed-upon terms and began accepting Plaintiff's timely mortgage payments. A few months later, Green Tree breached the contract by unilaterally voiding it after Plaintiff did not agree to change its terms, which both parties had previously accepted.

65. This breach subjected Plaintiff to damage, including but not limited to compensatory damages, including but not limited to general damages, expectation damages, and special damages.

**B.   Second Claim: Breach of Good Faith and Fair Dealing**

66. Plaintiff incorporates herein by reference as though fully set forth at length each and every preceding allegation and statement contained herein, inclusive, of the Factual Allegations.

67. Green Tree breached the implied duty of good faith and fair dealing present in all contracts when it waited until January 2015 to deny Plaintiff's loan modification based on the existence of liens that it knew about since acquiring Plaintiff's mortgage from Flagstar a year prior, in January 2014.

68. Green Tree's TPP offer of August 6, 2014 was therefore made in bad faith, because at the time it made the offer it already possessed knowledge of the liens that it claims constituted a reason to reject Plaintiff's loan modification, yet made no effort to inform him of that belief, or even of the existence of the liens at all.

AMENDED COMPLAINT FOR VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, BREACH OF CONTRACT, AND NEGLIGENT MISREPRESENTATION - 10

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

69. Green Tree accepted Plaintiff's September 2014 TPP payment in bad faith, because the promise of a loan modification induced the Plaintiff to make payments on the TPP, and Green Tree did nothing to inform Plaintiff about the liens before accepting his payment.

70. Green Tree acted in bad faith when it obtained a new title report in October 2014 that again listed the federal tax liens, and made no effort to inform Plaintiff of its belief that the liens would disqualify his loan modification.

71. Green Tree acted in egregiously bad faith when it accepted Plaintiff's October and November 2014 TPP payments after having just confirmed the continued existence of the liens and making no effort to inform Plaintiff of its belief that the liens constituted grounds to deny his loan modification.

72. Green Tree again acted in egregiously bad faith when it accepted Plaintiff's timely mortgage payments for December 2014 and January 2015 under the terms of the loan modification for which Plaintiff had every reason to believe he had successfully qualified, despite possessing the lien information they would then use to wrongfully deny the modification.

73. Thereafter, the Plaintiff again engaged with Green Tree in alternative dispute resolution with Judge Hilyer in an attempt to mitigate damages in this lawsuit, agreeing to apply for another loan modification that resulted in a final loan modification that was permanently modified. Yet again, Green Tree acted egregiously in bad faith when it revoked the Plaintiff's loan modification due to "some minor discrepancies" after taking payments for several months.

74. After further review, it appears that no error actually existed in the loan modification and the revocation appears to be nothing more than an attempt to void the modification agreement by abusing the contractual language that allowed for the correction of errors.

75. Plaintiff is entitled to compensatory damages as a result of Green Tree's conduct, including but not limited to general damages, expectation, and consequential damages.

AMENDED COMPLAINT FOR VIOLATION OF
THE WASHINGTON STATE CONSUMER
PROTECTION ACT, BREACH OF CONTRACT,
AND NEGLIGENT MISREPRESENTATION - 11

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

**C.  Third Claim: Unfair and Deceptive Practices in Violation of the Consumer Protection Act**

76. Plaintiff incorporates herein by reference as though fully set forth at length each and every preceding allegation and statement contained herein, inclusive, of the Factual Allegations.

77. Green Tree engaged in unfair and deceptive acts and practices in violation of the Washington Consumer Protection Act, Wash. Rev. Code 19.86.020, including but not limited to:

   a. Undertaking the TPP process with no intention of permanently modifying the Plaintiff's loan upon completion of the trial period plan.

   b. Accepting the Plaintiff's payments while failing to disclose what it believed to be a fatal flaw in his application, namely the existence of title issues.

   c. Engaging in conduct that would mislead an average loan borrower.

   d. Making misleading representations that Plaintiff would be offered trial period plans that would be converted to a permanent modification upon completion of the trial period plan.

   e. Engaging in mediation where the Plaintiff incurred fees with the misrepresentation that Green Tree intended to mitigate damages in this lawsuit by accepting and reviewing a modification application that it had no intention of abiding by.

   f. Fully executing a loan modification agreement in 2017 with the intention of later using the contractual language to fix "errors" to unilaterally void said agreement.

   g. Unilaterally revoking the 2017 loan modification after it was recorded.

   h. Falsely re-calculating the amortization of Plaintiff's loan modification to obtain approximately an additional $130,000 in payments or force foreclosure of the Plaintiff's home.

AMENDED COMPLAINT FOR VIOLATION OF
THE WASHINGTON STATE CONSUMER
PROTECTION ACT, BREACH OF CONTRACT,
AND NEGLIGENT MISREPRESENTATION - 12

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

      i.   Charging fees associated with its incorrect determination that Plaintiff's loan was in default, including but not limited to late fees, interest capitalization and other fees associated with a default.

78. Green Tree's deceptive acts or practices have occurred in its trade or business and were and are capable of deceiving a substantial portion of the public since Green Tree's TPP offer, subsequent correspondences, and summary denial all came in form letters that do not appear particularized to Plaintiff.

79. Additionally, Green Tree was in a superior informational position in that the standards for modification, including the Freddie Mac guidelines, are likely to be unknown to the borrowers whose loans Green Tree services.

80. As such, Green Tree's general course of conduct as alleged herein is injurious to the public interest, and the acts complained of herein are ongoing and/or have a substantial likelihood of being repeated.

81. As a direct and proximate result of Green Tree's unfair acts or practices, Plaintiff suffered injury. Plaintiff expended time, money, and other resources in furtherance of the modification.

82. Plaintiff is therefore entitled to an order enjoining the conduct complained of herein; actual damages; treble damages pursuant to Wash. Rev. Code 19.86.090; costs of suit, including a reasonable attorney's fee; and such further relief as the Court may deem proper.

83. Plaintiff is entitled to exemplary damages because Green Tree acted in bad faith in deliberate or reckless disregard of his rights and its obligation to hold Plaintiff's escrow funds in trust. The actions of Defendant Green Tree as alleged herein constitute violations of the Washington Consumer Protection Act, and: (1) have occurred in trade or commerce; (2) are deceptive as alleged above; (3) negatively affect the public, including thousands of Washington residents to whom Green Tree offered trial period plans that were fully complied with and then

AMENDED COMPLAINT FOR VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, BREACH OF CONTRACT, AND NEGLIGENT MISREPRESENTATION - 13

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

failed to convert the loans to permanent modifications; and (4) causing injuries to Plaintiff as alleged above.

### D. Fourth Claim: Negligent Misrepresentation

84. Plaintiff incorporates herein by reference as though fully set forth at length each and every preceding allegation and statement contained herein, inclusive, of the Factual Allegations.

85. Under the circumstances alleged, Green Tree owed Plaintiff a duty to provide him with accurate information regarding the loan modification process and to comply with the representations made by Green Tree in its trial period plan.

86. Green Tree negligently represented to Plaintiff that upon completion of their trial period plan, he would be offered a permanent loan modification. Green Tree's representation was negligent because it subsequently refused to honor its offer of a modification, by refusing to permanently modify Plaintiffs loan after Plaintiff complied with all terms of the trial period plans offered to him.

87. Supplying such obviously false information demonstrates a lack of exercise of reasonable care or competence in communicating with Plaintiff.

88. Plaintiff justifiably relied on Green Tree's misrepresentations, expecting to be entitled to make payments on its TPPs and be offered a permanent modification.

89. Plaintiff has suffered significant damages as a result of Green Tree's negligent misrepresentation that induced him to enter into loan modification contracts with Green Tree to cure the default on his home loan, and that he relied on the specialized knowledge Green Tree had regarding the terms and requirements of the loan modifications process.

90. The Plaintiff is entitled to rescission or damages in lieu of rescission, compensatory damages, and attorney's fees and costs expended in reliance upon Green Tree's negligent misrepresentations.

AMENDED COMPLAINT FOR VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, BREACH OF CONTRACT, AND NEGLIGENT MISREPRESENTATION - 14

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

**E.     Fifth Claim: Tort of Outrage**

91.     Plaintiff incorporates herein by reference as though fully set forth at length each and every preceding allegation and statement contained herein, inclusive, of the Factual Allegations.

92.     Plaintiff alleges that Green Tree's conduct in unilaterally cancelling a permanently modified loan modification that was not in default, providing misleading and inconsistent information to Plaintiff regarding the reasons for the revocation was deliberate and reckless, causing him significant emotional distress.

93.     Green Tree's actions proximately caused the Plaintiff's revocation of his loan modification and resulting default.

94.     Green Tree knows that their unilateral revocations notices would cause the Plaintiff immense emotional distress, especially in light of this lawsuit filing and his numerous attempts to cure a default by finalizing a loan modification on his home.

95.     Here, Green Tree knew or should have known, through the history of this case that Plaintiff had expended tremendous time and money to obtain the loan modification. Additionally, Green Tree knew or should have known that Plaintiff was riding an emotional roller coaster as he did not know whether he could obtain said loan modification.

96.     In the face of all of this, Green Tree chose to stop accepting the Plaintiff's monthly payments, and to tell the Plaintiff that it had decided to unilaterally revise his modification due to "minor discrepancies" within the Agreement, seeking refuge in an obscure provision of the contract that it claims gives it the right to "execute such other documents as may be reasonably necessary to . . . correct the terms and conditions of this Plan if an error is detected after execution of this Agreement"—despite the fact that legitimate amortization calculations demonstrate that there was nothing wrong with the original agreement in the first place.

AMENDED COMPLAINT FOR VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, BREACH OF CONTRACT, AND NEGLIGENT MISREPRESENTATION - 15

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

97. Once Green Tree signed off on the loan modification, Plaintiff reasonably expected a financial fresh start. Green Tree's act of taking away the security recently gained by Plaintiff has affected his life in a substantially.

98. For a borrower who has suffered hardship and who had undergone the difficult process to cure the default and get a loan modification, the new agreement is his lifeline. Plaintiff is doing everything he can in his power to keep his mortgage payments current.

99. Therefore, Green Tree's acts—refusing the Plaintiff's monthly payments and telling the Plaintiff that it will unilaterally cancel his loan modification unless he agrees to materially changed terms due to "minor discrepancies" that they refuse to explain or substantiate, and which seem to be designed to nothing more than cause the Plaintiff to be in default and potentially lose his home again—are beyond the bounds of decency and were intentional, reckless, willful, wanton, unfair, unconscionable and/or outrageous. *See Lucero v. Cenlar FSB*, No. C13-0602RSL, 2016 WL 337221, at *7 (W.D. Wash. Jan. 28, 2016).

100. Plaintiff suffered and continues to suffer from severe emotional distress as a result of Green Tree's conduct.

101. Plaintiff's distress is manifested in feelings of fear, depression, anger and helplessness, which has led him to suffer from anxiety, sleeplessness, and embarrassment among other symptomology.

102. Plaintiff is entitled to compensation due to the poor treatment received from Green Tree and their reckless and/or intentional infliction of emotional distress upon him.

**F.   Sixth Claim: Violation of the Equal Credit Opportunity Act**

103. Plaintiff incorporates herein by reference as though fully set forth at length each and every preceding allegation and statement contained herein, inclusive, of the Factual Allegations.

104. Plaintiff alleges that Green Tree has violated the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §§ 1691–1691f (2006).

AMENDED COMPLAINT FOR VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, BREACH OF CONTRACT, AND NEGLIGENT MISREPRESENTATION - 16

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

105. ECOA makes it "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction ... on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1). One way that the ECOA effectuates this goal is through its notice requirement which states:" Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor." Schlegel *v. Wells Fargo Bank, N.A.,* 720 F.3d 1204, 1210 (9th Cir. 2013)

106. Plaintiff contends that Green Tree's revocation of his loan modification is a "revocation of credit" for purposes of the definition of "adverse action." 15 U.S.C. § 1691(d)(6).

107. Plaintiff and Green Tree applied for credit, a loan modification, was offered and executed a permanent loan modification to defer payment of his debt, and made payments to Green Tree in reliance upon it. The Plaintiff was thus an "applicant" as defined under the ECOA. 15 U.S.C. § § 1691a (b) and § 1691(a)(d).

108. Plaintiff applied for credit, a loan modification with Green Tree. *See Schlegel v. Wells Fargo Bank, NA,* 720 F.3d 1204, 1210 (9th Cir.2013).

109. Plaintiff completed all requirements for the loan modification application, received a permanent loan modification that was counter-signed by Green Tree and he was qualified for the credit.

110. Despite being qualified for the permanent loan modification, making all payments, and remaining current, Plaintiff's loan modification was revoked and he was denied credit despite being otherwise qualified.

111. Additionally, Plaintiff alleges that Green Tree violated the ECOA when it failed to follow the procedural requirements that creditors must follow in notifying any applicant when action is taken on their credit application.

112. Green Tree's January 29, 2018 letter rescinding or revoking the Plaintiff's loan modification failed to give the Plaintiff any reasons for its adverse actions revoking the Plaintiff's loan modification. 15 U.S.C. § 1691(d)(2).

AMENDED COMPLAINT FOR VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, BREACH OF CONTRACT, AND NEGLIGENT MISREPRESENTATION - 17

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

113.    The Plaintiff was current at the time of the January 29, 2018 revocation. 15 U.S.C. § 1691(d)(6).

114.    Green Tree failed to provide a reason for the adverse action and/or to give notification of the Plaintiff's rights to request reasons for the notification and the person or office where such a statement could be obtained. 15 U.S.C. § 1691(d)(2)(A) and (B).

115.    Thus, Green Tree revokes credit when it annuls, repeals, rescinds or cancels a right to defer payment of a debt.

116.    Green Tree annulled, repealed, rescinded, or canceled their right to defer payment of a debt or repayment of their loan.

117.    Failure to give the ECOA notice was an adverse action and Plaintiff has a private right of action to sue for the violation of ECOA. 15 U.S.C. § 1691e ("Any creditor who fails to comply with any requirement imposed under this subchapter shall be liable to the aggrieved applicant for any actual damages sustained by such applicant").

118.    The Plaintiff made efforts to determine whether the loan modification revocation was a mere clerical error or represented Green Tree's termination of the loan modification agreement. It seems that Green Tree did indeed terminate the loan modification and revoke the Plaintiff's credit for purposes of 15 U.S.C. § 1691(d)(6).

The Plaintiff is entitled to actual damages, attorney's fees and costs, punitive damages in the amount of $10,000 and any other equitable relief the court may deem necessary. for violations of the ECOA. 15 U.S.C. § 1691e(a) –(d).

### III.    REQUEST FOR RELIEF

Having stated their allegations and claims, Plaintiffs request the following relief:

1.    For compensatory damages, including but not limited to general damages, expectation and consequential damages in an amount to be determined at trial;

2.    For Damages in rescission or in lieu of rescission;

AMENDED COMPLAINT FOR VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, BREACH OF CONTRACT, AND NEGLIGENT MISREPRESENTATION - 18

Henry & DeGraaff, P.S.
150 Nickerson St. Ste 311
Seattle, Washington  98109
telephone (206) 330-0595
fax (206) 400-7609

3. Actual damages, including damages to reputation in an amount to be determined at trial and treble damages up to $25,000 for each and every violation of the Consumer Protection Act, plus attorney fees and costs under RCW 19.86.090;

4. Damages including emotional distress, for the conduct of Green Tree in an amount to be fully proven at the time of trial;

5. Injunctive relief prohibiting the foreclosure of Plaintiffs' Residence by any entity or person until further order of this Court;

6. An order commanding Green Tree to cease and desist from inducing consumers to apply for loan modifications when Green Tree knows that the loan modification will not be successful;

7. An order commanding Green Tree to cease and desist from unilaterally revoking completed loan modifications to consumers;

8. For attorney's fees and costs incurred to enforce provisions of the August 2017 contract, as the prevailing party under RCW 4.84.330;

9. For costs as the prevailing party under RCW 4.84.010;

10. For actual damages, attorney's fees and costs, punitive damages in the amount of $10,000 and any other equitable relief the court may deem necessary for violations of the ECOA under 15 U.S.C. § 1691e(a) –(d);

11. For such other relief as the Court deems equitable and just.

Dated this 29th of June 2018.

HENRY & DEGRAAFF, PS

*/s/ Christina L Henry*
Christina L Henry, WSBA # 31273
150 Nickerson St, Ste 311
Seattle, WA 98109
Tel# 206-330-0595
Fax# 206-400-7609
*chenry@hdm-legal.com*

HENRY & DEGRAAFF, PS

*/s/ Jacob D. DeGraaff*
Jacob D. DeGraaff, WSBA # 36713
150 Nickerson St, Ste 311
Seattle, WA 98109
Tel# 206-330-0595
Fax# 206-400-7609
*jacobd@hdm-legal.com*

AMENDED COMPLAINT FOR VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, BREACH OF CONTRACT, AND NEGLIGENT MISREPRESENTATION - 19

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609