1

Jacob D. DeGraaff, WSBA# 36713                     The Honorable Ronald S. Lasnik
jacobd@hdm-legal.com

2

Henry & DeGraaff, PS
150 Nickerson St, Ste 311

3

Seattle, WA 98109
Tel# 206-330-0595

4

Fax: +1-206-400-7609

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

MICHAEL THOMAS,

10

Case No.: 2:15-cv-01309-RSL

11

Plaintiff,

                                                    vs.

12

GREEN TREE SERVICING LLC,

13

MOTION FOR RELIEF FROM CASE
SCHEDULE DEADLINE, FOR JOINDER

14

Defendant.

OF DEFENDANT FEDERAL HOME
LOAN MORTGAGE CORP. AND FOR
LEAVE TO AMEND COMPLAINT

15

16

**Noted on Motion Calendar:**

17

**JANUARY 4, 2019**

18

I.      **MOTION**

19

        Pursuant to FRCP 15, 16, 19 and 21, Plaintiff Michael Thomas (the "Plaintiff"), by and

20

through counsel, move the court for relief from the Court's November 7, 2016 Order setting

21

March 15, 2017 as the Deadline to Amend Pleadings, relief from the Court's November 5, 2015

22

Order setting December 3, 2015 as the Deadline for Joinder of Parties, and for an Order granting

23

24

leave to amend the complaint to clarify that the Defendant Green Tree Servicing LLC (now

25

Ditech Financial LLC) is now and at all times was in fact acting as agent for Federal Home Loan

26

Mortgage Corp. ("Freddie Mac").

MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE, FOR JOINDER OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORP. AND
FOR LEAVE TO AMEND COMPLAINT - 1

**HENRY &DeGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

## II.   STATEMENT OF FACTS

The Plaintiff's complaint was removed to this court on August 17, 2015 (amended on June 29, 2018) asserting causes of action related to the conduct of the Defendant for Breach of Contract, Breach of Good Faith and Fair Dealing,  unfair and deceptive acts and practices in violation of the Washington Consumer Protection Act, Wash. Rev. Code 19.86.020, Negligent Misrepresentation, Outrage, and Violation of the Equal Credit Opportunity Act 15 U.S.C. §§ 1691–1691f (2006).  Defendant Green Tree answered the Second Amended Complaint on July 16, 2018.

The parties filed a Stipulated Motion to Extend Discovery and Dispositive Motion Deadlines on December 17, 2018, which contains the following agreed statement of facts:

> The parties had agreed to mediate this matter on December
> 12, 2018, with Judge Kallas, to depose plaintiff's expert witness on
> December 27, 2018, and to depose the remaining Green Tree
> witness on December 21, 2018. However, on or about December 5,
> 2018, Green Tree's counsel was contacted by Green Tree and was
> informed that, due to serious financial constraints, Green Tree
> could not meaningfully participate in the mediation. Green Tree is
> a solely owned subsidiary of Ditech Holding Corporation which,
> according to its most recent investor's report, is in the process of
> being delisted from the NYSE and is considering reentering
> Chapter 11. Ditech Holding Corporation's third quarter investor
> report states it is considering "potential strategic transactions that

MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE, FOR JOINDER OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORP. AND
FOR LEAVE TO AMEND COMPLAINT - 2

HENRY &DeGraaff, P.S.
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

may involve implementation through an in-court supervised

Chapter 11 process. The potential for an in-court supervised

Chapter 11 process in order to implement a strategic transaction

raises substantial doubt about the Company's ability to continue as

a going concern."

If Ditech Holding Corporation does reenter bankruptcy, it

would most likely involve Green Tree and, therefore, continuing to

litigate this matter would be a waste of the parties and court's time

and resources. As a result, the parties request the court reset all

pending dates approximately 90 days to allow Green Tree's

financial situation to play out. If Green Tree remains a viable

entity, the parties would be able to attend mediation. If it does not,

plaintiff can pursue the appropriate, available remedies, if any.

(Docket number 75 page 1 line 24 to page 2 line 16.)

17

18

19

20

Freddie Mac is owner of the beneficial interest in Plaintiff's loan, and should Defendant

Ditech Financial, LLC file bankruptcy, the promissory note in it's possession would not be an

asset of its bankruptcy estate, but rather would continue to be held for the benefit of Freddie

Mac.

21

22

23

24

25

26

### III.   ARGUMENT

The Court wields broad discretion to supervise the pretrial phase of litigation. *Zivkovic v.*

*Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). When a party seeks leave

to amend her complaint after the date specified in the scheduling order, she must first show

"good cause" to modify the scheduling order under Fed.R.Civ.P. 16(b). Upon a showing of

MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE, FOR JOINDER OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORP. AND
FOR LEAVE TO AMEND COMPLAINT - 3

HENRY &DeGRAAFF, P.S.
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

1  "good cause" to modify the scheduling order, the moving party must prove the propriety of

2  amendment pursuant to Rule 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th

3  Cir. 1992) (internal citations omitted). Here, good cause exists for the Court to grant the

4  Plaintiff's motion to amend the scheduling order and amend his complaint because: (1) the

5  Plaintiff has consistently and vigorously litigated his claims; and (2) the proposed amendments

6  merely identify on who's behalf the defendant Ditech has been acting.

7  According to the Washington State Supreme Court in *Brown v. Washington State*

8  *Department of Commerce*, 184 Wash. 2d 509 (2015), Ditech is the "beneficiary" for purposes of

9  the Washington State Deed of Trust Act.  However, the unique circumstances of Ditech's

10  pending bankruptcy make clear that they are not solely sufficient as a Defendant in this lawsuit,

11  and Freddie Mac's status as the owner of the Note has become uniquely relevant with the

12  bankruptcy of their agent, Ditech.

13  Fed R. Civ. P. 20 allows the "permissive" joinder of a non-party as defendant when:

14 
15          (A) any right to relief is asserted against them jointly, severally, or in
        the alternative with respect to or arising out of the same transaction,
16        occurrence, or series of transactions or occurrences; and

17          (B) any question of law or fact common to all defendants will arise in
        the action.
18 

19 

20  In Ward v. Apple Inc., 791 F.3d 1041 (9th Cir. 2015), the Court observed that "[i]t has

21  long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a

22  single lawsuit." Id. at 1048, internal quotation omitted.  "This case, for example, illustrates why

23  according complete relief will usually be possible without joining an absent coconspirator . . . If

24  the Plaintiffs prevail, they will be able to recover all of their damages from [the named

25 
26 

MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE, FOR JOINDER OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORP. AND
FOR LEAVE TO AMEND COMPLAINT - 4

**HENRY &DeGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

defendant] alone, *see Socony–Vacuum,* 310 U.S. at 253–54, 60 S.Ct. 811, without naming [the

coconspirator] as a party. Id. at 1049.

> It does not follow, however, that an absent [party] cannot be a required party
> under Rule 19(a)(1)(B)(i), the purpose of which is to protect the interests of
> absent parties. Stated differently, an absent party's role as a joint tortfeasor does
> not preclude it from having an interest in the action that warrants protection. *Ibid.*

Fed R. Civ P. 19 states when Joinder of a party is *Required*:

> (1) *Required Party.* A person who is subject to service of process and
> whose joinder will not deprive the court of subject-matter jurisdiction
> must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief
> among existing parties; or

> (B) that person claims an interest relating to the subject of the action
> and is so situated that disposing of the action in the person's absence may:

> (i) as a practical matter impair or impede the person's ability to protect
> the interest; or

> (ii) leave an existing party subject to a substantial risk of incurring
> double, multiple, or otherwise inconsistent obligations because of the
> interest.

The facts stipulated to in the Parties' Stipulated Motion (docket 75) make clear that

Freddie Mac, the owner of the loan, has now become or will imminently be a necessary party to

this litigation, because in the probable event of Ditech's bankruptcy and in Freddie Mac's

absence, the Court cannot accord complete relief among existing parties.

> "As a practical matter, an absent party's ability to protect its interest will not be
> impaired by its absence from the suit where its interest will be adequately
> represented by existing parties to the suit." *Washington v. Daley,* 173 F.3d 1158,
> 1167 (9th Cir.1999). We consider three factors in determining whether existing
> parties adequately represent the interests of the absent tribes: whether 'the
> interests of a present party to the suit are such that it will undoubtedly make all' of
> the absent party's arguments; whether the party is 'capable of and willing to make
> such arguments'; *1128 and whether the absent party would 'offer any necessary
> element to the proceedings' that the present parties would neglect. Alto v. Black,
> 738 F.3d 1111, 1127–28 (9th Cir. 2013)(internal quotation omitted).

MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE, FOR JOINDER OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORP. AND
FOR LEAVE TO AMEND COMPLAINT - 5

**HENRY &DeGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

1

2       Freddie Mac's interest will be impaired when the current Defendant files bankruptcy.

3   The Defendant's admission of it's financial distress, and the futility of mediation and settlement

    negotiations, is an admission that Ditech cannot adequately protect the interests of the

4   beneficiary to the loan (Freddie Mac).  If the present lawsuit results in a reduction to the

5
    principal balance or a change of terms of the mortgage loan serviced by Ditech, Freddie Mac's
6
    interests are necessarily impaired.
7
        Allowing amendment of the complaint and Joinder of Freddie Mac would also promote
8
9   judicial economy by eliminating the need for an additional lawsuit against Freddie Mac, relying

10  on the same claims already before the Court.

11      A court's evaluation of good cause for relief from the case scheduling order under Rule

12  16 is *not* coextensive with its inquiry into the propriety of proposed amendments sought under

13  Rule 15. *Id.* While Fed.R.Civ.P. 16(b)(4) and LCR 16(b)(5) provide that a schedule may be

14  modified only for good cause and with the judge's consent, Rule 15 provides that Courts should

15
    freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). There is a "strong
16
    policy in favor of allowing amendment" after "considering four factors: bad faith, undue delay,
17
    prejudice to the opposing party, and the futility of amendment." *Kaplan v. Rose*, 49 F.3d 1363,
18
19  1370 (9th Cir. 1994). The underlying purpose of Rule 15 is "to facilitate decision on the merits,

20  rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (2000).

21      While Rule 15(a)'s liberal amendment policy focuses on the bad faith of the party

22  seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s "good

23
    cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson*,
24
    975 F.2d at 609. The district court may modify the pretrial schedule "if it cannot reasonably be
25
26  met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (citing

MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE, FOR JOINDER OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORP. AND
FOR LEAVE TO AMEND COMPLAINT - 6

**HENRY &DeGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

1 Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)). Here, the Plaintiff has

2 demonstrated good faith and diligence in acting to move the discovery process along quickly and

3 efficiently, and the Plaintiffs only anticipate any additional discovery for Freddie Mac can be

4 completed by the existing discovery deadline of April 1, 2019.

5 While the court exercises nearly unbridled discretion in determining whether granting

6 Plaintiffs leave to amend their complaint is appropriate, there are limited circumstances in which

7 refusal of amendment is appropriate. Generally, leave to amend should be denied only upon a

8 showing of bad faith, ulterior motive, undue prejudice to the opposing party, or an unwarranted

9 delay. *See, e.g., Johnson*, 975 F.2d at 609. Amendments are prejudicial only when they unfairly

10 affect the non-movant's ability to respond to the added facts or allegations. *Id.* (citing *Minter v.*

11 *Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006)). The court may also withhold leave to

12 amend if it finds the proposed amendments to be exercises in futility. *Wilderness Society v. Kane*

13 *County, Utah*, 470 F.Supp.2d 1300, 1309 (D. Utah 2006) (quoting *Foman v. Davis,* 371 U.S.

14 178, 182 (1962)).

15 The defendant cannot demonstrate that the Plaintiff failed to act in good faith by

16 proposing untimely, futile, or prejudicial amendments to their claims. Nor can they argue that the

17 Plaintiff acted in bad faith because Ditech could have interplead Freddie Mac as a necessary

18 party from the beginning of this case.

19 Plaintiff did not act in a dilatory fashion because the first that their attorney learned of

20 Ditech's pending bankruptcy was via their counsel's December 4, 2018 email.

21 Finally, the proposed amendments pose no prejudice to the defendants because the

22 Plaintiffs merely seek to clarify the link between Ditech and the owner of the loan, Freddie Mac.

MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE, FOR JOINDER OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORP. AND
FOR LEAVE TO AMEND COMPLAINT - 7

**HENRY &DeGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

## IV.   CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that this Court grant their

motion for relief from the Court's November 7, 2016 Order setting March 15, 2017 as the

deadline to amend pleadings and grant them relief leave to amend the complaint to name the

beneficiary, Federal Home Loan Mortgage Corporation ("Freddie Mac").


Dated this 27th day of December 2018.

HENRY & DEGRAAFF, P.S.

*/s/ Jacob DeGraaff*
Jacob D. DeGraaff, WSBA #36713
150 Nickerson St, Ste 311
Seattle, WA 98109
T: 206-330-0595/ F: 206-400-7609
*jacobd@hdm-legal.com*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE, FOR JOINDER OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORP. AND
FOR LEAVE TO AMEND COMPLAINT - 8

HENRY &DeGRAAFF, P.S.
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609

## CERTIFICATE OF SERVICE

1

I, Jacob Daniel DeGraaff, declare as follows:

2

I am a citizen of the United States and of the State of Washington, over the age of 21

3

4

years, not a party to the above-entitled action and competent to be a witness.

5

On December 27, 2018, I caused to be served the Motion for Relief from Case Schedule

6

Deadline, for Joinder of Defendant Federal Home Loan Mortgage Corp., and for Leave to

7

Amend Complaint electronically via USDC court system CM/ECF:

8

9

William G Fig
SUSSMAN SHANK

10

1000 SW BROADWAY
SUITE 1400

11

PORTLAND, OR 97205-1111
503-227-1111

12

wfig@sussmanshank.com

13

Laurie R. Hager

14

SUSSMAN SHANK
1000 SW BROADWAY

15

SUITE 1400
PORTLAND, OR 97205-1111

16

503-227-1111

17

lhager@sussmanshank.com

18

Kristen Grace Hilton
SUSSMAN SHANK

19

1000 SW BROADWAY
SUITE 1400

20

PORTLAND, OR 97205-1111
503-227-1111

21

Khilton@Sussmanshank.com

22

23

I declare under penalty of perjury under the laws of the State of Washington and the

24

United States that the foregoing is true and correct to the best of my knowledge.

25

Executed this 27th day of December 2018, at Bellingham, Washington.

26

*/s/ Jacob D. DeGraaff*
Jacob D. DeGraaff, WSBA #36713

MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE, FOR JOINDER OF DEFENDANT
FEDERAL HOME LOAN MORTGAGE CORP. AND
FOR LEAVE TO AMEND COMPLAINT - 9

**HENRY &DeGRAAFF, P.S.**
150 NICKERSON ST, STE 311
SEATTLE, WASHINGTON  98109
telephone (206) 330-0595
fax (206) 400-7609