William G. Fig, WSBA 33943
wfig@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205
Telephone: (503) 227-1111
Facsimile: (503) 248-0130

Attorneys for Green Tree Servicing LLC

Judge Robert S. Lasnik

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

MICHAEL THOMAS,

    Plaintiff,

vs.

FLAGSTAR BANK, NA and GREEN TREE SERVICING LLC,

    Defendants.

Case No. 2:15-cv-01309-RSL

GREEN TREE SERVICING, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINE TO ADD PARTY AND TO AMEND PLAINTIFF'S COMPLAINT

Defendant Green Tree Servicing, LLC ("Green Tree") submits the following response to Plaintiff Michael Thomas's ("Plaintiff") Motion for Relief from Deadline, Motion to Join Party and Motion to Amend Complaint. Green Tree objects to these motions except that Green Tree does not object to the clerical change to the Complaint to identify Green Tree as Ditech Financial LLC ("Ditech"). Green Tree's Response is supported by the Declaration of William G. Fig ("Fig Decl.").

**BACKGROUND FACTS**

This case was filed in July 2015. The basis of Plaintiff's original Complaint is that, in late 2014/early 2015, Green Tree improperly denied Plaintiff's loan modification application. Fig Decl., ¶ 3. Plaintiff was deposed on June 29, 2016. Fig Decl., ¶ 4. On

RESPONSE TO PLAINTIFF'S MOTIONS –   Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

September 20, 2016, Plaintiff deposed Green Tree's 30(b)(6) corporate representative and, on October 11, 2016, Plaintiff deposed a second Green Tree representative, specifically regarding Green Tree's application of Freddie Mac guidelines to Plaintiff's loan modification application. *Id.* In May 2017, Green Tree filed a motion for summary judgment, the main issue of which was whether Green Tree complied with Freddie Mac's guidelines in denying Plaintiff's loan modification application. [Dkt. 38]. *Id.* at ¶ 5.

On June 29, 2018, Plaintiff filed an Amended Complaint to add claims that Green Tree improperly withdrew/terminated a Freddie Mac HAMP loan modification agreement entered into in the Fall of 2017. [Dkt. 68], Fig Decl., ¶ 6. The parties agreed that any further discovery after July 2018 would be limited to the newly alleged claims. *Id.* On August 30, 2018, Plaintiff deposed a Green Tree representative regarding the 2017 Freddie Mac HAMP loan modification. *Id.* at ¶ 7. Plaintiff was deposed on October 19, 2018. *Id.* The parties have exchanged several rounds of document discovery. *Id.*

March 15, 2017 was the case management deadline for amending a pleading, and December 2, 2016 was the case management deadline for adding a party. [Dkt. 36]. The scheduling order entered when Plaintiff amended his Complaint in June 2018 did not address or change these deadlines. [Dkt. 69]. Even though Plaintiff had full knowledge of Freddie Mac's involvement with his loan since 2016, now, 20 months after the deadline to amend pleadings and 2 years after the deadline to add a party, Plaintiff seeks to amend his Complaint to add Freddie Mac as a party.

**DISCUSSION**

A. <u>Applicable Law.</u>

    1. **Motion to Amend After Case Management Deadline**.

Rule LCR 7(l) states, in relevant part, "[a] motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the

RESPONSE TO PLAINTIFF'S MOTIONS –   Page 2

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

motion will be granted and must comply with the existing deadline unless the court orders otherwise."

FRCP 16 governs case scheduling orders and states such an order may only be modified for "good cause." FRCP 16(b)(4). Further, "Rule 16(b)'s 'good cause' standard, rather than Rule 15(a)'s 'freely give[n]' standard, governs motions to amend filed after scheduling order deadlines." *Trans-Spec Truck Service, Inc. v. Caterpillar, Inc.*, 524 F3d 315, 327 (1st Cir. 2015). To show good cause, the moving party must show that they exercised due diligence in complying with the case management order. *Johnson v. Mammoth Recreations, Inc.*, 975 F2d 606, 609 (9th Cir. 1992). The primary factor considered in whether to allow relief to amend is the movant's explanation for the failure to timely amend. *See Coleman v. Quaker Oats Co.*, 232 F3d 1271, 1294-1295 (9th Cir 2000). Prejudice is not required under Rule 16(b). *Id.* at 1295.

"Good cause" alone is not sufficient to allow relief if there is undue delay, the proposed amendment is futile, or the amendment will result in undue prejudice to the nonmoving party. *See Sullivan v. Leor Energy. LLC*, 600 F3d 542, 551 (5th Cir. 2010). Good cause does not exist when the party knew or should have known of the claim(s), and there is no change in law or facts. *Sherman v. Winco Fireworks, Inc.,* 532 F3d 709, 718 (8th Cir. 2008); *Trans-Spec Truck Service, Inc.*, 524 F3d at 327 (party bears burden of litigation strategy). When seeking to amend a pleading *after* a case management deadline has passed, the moving party must meet the burden set forth under FRCP 16(b)(4) *and* FRCP 15. *See Coleman*, 232 F3d at 1294.

**2.   FRCP 15.**

Leave to amend rests with the discretion of the district court. *Swanson v. United States Forest Service*, 87 F3d 339, 343 (9th Cir. 1996). While policy generally favors allowing amendment, amendments seeking to add claims are more freely given than amendments adding parties. *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F2d 1429,

RESPONSE TO PLAINTIFF'S MOTIONS –   Page 3

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1432 (9th Cir. 1991).  Reasons for denying amendment are undue delay, futility of amendment, and prejudice to the non-moving party.  *DCD Programs, Ltd. v. Leighton*, 833 F2d 183, 186 (9th Cir. 1987).  Undue delay exists when the movant knew of the fact supporting the claim long before movant requested leave to amend.  *Acri v. International Ass'n of Machinists*, 781 F2d 1393, 1398 (9th Cir.), *cert. den.*, 479 U.S. 816 (1986).  This includes when the movant knew the facts but, for tactical reasons, delayed in seeking the amendment.  *Matter of Beverly Hills Bancorp*, 752 F2d 1334, 1338 (9th Cir. 1984).

In assessing the futility of the amendment, the court uses the same standard as FRCP 12(b)(6).  *See United States v. Corinthian Colleges*, 655 F3d 984, 995 (9th Cir. 2011).  The prejudice to nonmovant in allowing the amendment must be balanced with the prejudice to the movant by not allowing the amendment.  *Morongo Band Mission of Indians v. Rose*, 893 F2d 1074, 1079 (9th Cir. 1990).  Litigation expenses caused by the amendment may be deemed prejudicial.  *See Owens v. Kaiser Found Health Plan, Inc.*, 244 F3d 708, 712 (9th Cir. 2001).  Whether the movant previously amended his complaint (*i.e.* had ample opportunity to previously amend) is also an important consideration.  *Salameh v. Tarsadia Hotel*, 726 F3d 1124, 1133 (9th Cir. 2013).

B.  <u>Plaintiff Should Not Be Allowed to Amend to Add Freddie Mac as a Party</u>.

Plaintiff's request to amend his complaint must be denied because Plaintiff has failed to meet the "good cause" burden under FRCP 16.

During the entire 40 months this case has been pending, Plaintiff knew that Freddie Mac owned his loan.  Green Tree's application of Freddie Mac guidelines to Plaintiff's loan modification request is the basis of Plaintiff's lawsuit and was the subject of two Green Tree depositions in 2016 and Green Tree's May 2017 motion for summary judgment.  Nonetheless, Plaintiff did not add Freddie Mac as a party when he amended his complaint in June 2018.  After this amendment, Green Tree was deposed *again*, and

RESPONSE TO PLAINTIFF'S MOTIONS –   Page 4

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Plaintiff served additional discovery requests upon Green Tree.  Now, 20 months after the case management deadline to amend pleadings, and 2 years after the deadline to amend to add a party, Plaintiff seeks to add Freddie Mac as a party.

There are no new facts.  Plaintiff knew of his claims against Freddie Mac since 2016 and cannot show he acted with diligence in seeking to add Freddie Mac as a party to this litigation.  The case management order in this case has been amended many times.  Plaintiff could have sought relief to amend to add Freddie Mac as a party when he filed his Amended Complaint in June 2018, yet he did not do so.  This would have allowed the "follow up" discovery regarding Plaintiff's new claims in August and October of 2018 to cover the proposed Freddie Mac agency allegations.  Indeed, it appears Plaintiff strategically chose not to name Freddie Mac as a party until he recently learned of Ditech's current financial condition.  Plaintiff has failed to show "good cause" under Rule 16(b), and his motions must be denied.

Plaintiff has also failed to meet the criteria of FRCP 15.  Amending to add Freddie Mac as a party is not as easy as adding a claim against Green Tree.  As set forth above, Plaintiff unduly delayed in seeking to amend to add Freddie Mac as a party.  Adding Freddie Mac as a party now will prejudice Green Tree because Plaintiff will want to depose Green Tree again, for a fourth time, in an attempt to establish an agency relationship.  This issue could (and should) have been covered in the previous three Green Tree depositions.

Allowing an amendment to add Freddie Mac would also be futile.  Freddie Mac is a government-sponsored entity subject to the *Merrill* Doctrine.  *See Federal Crop Ins. Corp. v. Merrill*, 332 US 380 (1947); *Johnson v. Fed. Home Loan Mortg. Corp.*, 2013 U.S. Dist. LEXIS 10485 *16-*19; 2013 WL 308957 (WD WA Jan. 25, 2013) (For Freddie Mac, a "federal instrumentality," to be liable, it must expressly authorize or direct the conduct at issue); *see also Carlson v. Wells Fargo Bank*, N.A., No. C15-0109JLR, 2015

RESPONSE TO PLAINTIFF'S MOTIONS –   Page 5

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1  U.S. Dist. LEXIS 58292, at *7 n.3 (W.D. Wash. Apr. 30, 2015).  Therefore, Plaintiff must show that Freddie Mac authorized Green Tree's alleged conduct.  Plaintiff's proposed Second Amended Complaint makes no such allegation and offers no such evidence.

In addition, Plaintiff at least partially bases his claims against Freddie Mac on actions that occurred in the Fall of 2014.  *See* Proposed Second Amended Complaint, ¶ 67.  Plaintiff's Third Claim for Relief is for alleged violations of RCW 19.86 *et. al.* (*Id.* at ¶¶ 80-87), which has a four-year statute of limitations.  RCW 19.86.120.  This claim needed to be filed against Freddie Mac by not later than January 2018.  Plaintiff's Fourth (Negligent Misrepresentation) and Fifth (Outrage) Claims for Relief have a three-year statute of limitations.  RCW 4.16.080.  These claims needed to be filed against Freddie Mac by January 2017.   Under FRCP 15(c)(1)(C), for these 3 claims to relate back against Freddie Mac, Plaintiff must show that Freddie Mac had notice of the claims within 120 days of the date the summons and complaint needed to be served <u>and</u> that Freddie Mac knew or should have known the claims would have been brought against it "but for a mistake concerning the proper party's identity."  Plaintiff did not plead nor can he prove the requirements of FRCP 15(c)(1)(C)(i) and (ii) and, therefore, allowing Plaintiff to amend his Complaint as drafted would be futile.

**CONCLUSION**

For all of the reasons set forth above, and particularly because Plaintiff cannot show "good cause" under FRCP 16(b), the Court should deny Plaintiff's motion to amend his Complaint to add Freddie Mac as a party.

Dated this 7th day of January, 2019.

SUSSMAN SHANK LLP

By */s/ William G. Fig*
William G. Fig, WSBA 33943
wfig@sussmanshank.com
Attorneys for Green Tree Servicing LLC

RESPONSE TO PLAINTIFF'S MOTIONS –   Page 6

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

CERTIFICATE OF SERVICE

THE UNDERSIGNED certifies:

1. My name is Karen D. Muir. I am a citizen of Washington County, state of Oregon, over the age of eighteen (18) years and not a party to this action.

2. On January 7, 2019, I caused to be delivered **electronically, via the court's ecf system**, a copy of: **GREEN TREE SERVICING, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM DEADLINE TO ADD PARTY AND TO AMEND PLAINTIFF'S COMPLAINT** to the interested parties of record, addressed as follows:

| | |
|---|---|
| Christina Latta Henry | chenry@HDM-legal.com, hdmecf@gmail.com, mainline@hdm-legal.com |
| Jacob Daniel DeGraaff | mainline@hdm-legal.com, hdmecf@gmail.com |

I SWEAR UNDER PENALTY OF PERJURY that the foregoing is true and correct to the best of my knowledge, information, and belief.

/s/ Karen D. Muir
Karen D. Muir, Legal Assistant

*22428-086\DITECH'S RESPONSE TO PLT MTA (03062967);1

RESPONSE TO PLAINTIFF'S MOTIONS –   Page 7

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130