UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL THOMAS,<br><br>        Plaintiff,<br><br>v.<br><br>GREEN TREE SERVICING LLC,<br><br>        Defendant. | Case No. 2:15-CV-1309-RSL<br><br>ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINE, FOR JOINDER OF DEFENDANT FEDERAL HOME LOAN MORTGAGE CORP. AND FOR LEAVE TO AMEND COMPLAINT |

This matter comes before the Court on plaintiff Michael Thomas's "Motion for Relief from Case Schedule Deadline, for Joinder of Defendant Federal Home Loan Mortgage Corp. and for Leave to Amend Complaint." Dkt. #77.

## BACKGROUND

The action pertains to a residence located at 27546 254th Way SE, Maple Valley, WA 98038 ("the Property"). Dkt. #68 (Compl.) at ¶ 1. Plaintiff obtained a loan in the amount of $398,000 secured against the Property on June 11, 2008 ("the Loan"). Id. at ¶ 4. The Federal Home Loan Mortgage Corporation ("Freddie Mac") is the owner of the beneficial interest in the Loan. Dkt. #77 at 3. While Flagstar Bank ("Flagstar") was servicing the Loan, plaintiff fell behind on his mortgage payments and sought a loan modification. Id. at ¶ 5. Flagstar offered him a Trial Period Plan (TPP) under the federal Home Affordable Modification Program

ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE, FOR JOINDER OF DEFENDANT FEDERAL HOME LOAN
MORTGAGE CORP. AND FOR LEAVE TO AMEND COMPLAINT - 1

("HAMP"). Id. at ¶ 6. Plaintiff claims that he completed all three trial payments on time, but Flagstar revoked the offer in February 2013. Id. at ¶ 7. The trustee ordered a title report for the Property in March 2013, which contained details regarding three payroll federal tax liens recorded against it in connection with a house painting business that plaintiff owned and operated until 2010. Plaintiff was unaware of the existence of these liens. Id. at ¶¶ 8–9. Flagstar initiated foreclosure proceedings in April 2013. Id. at ¶ 10. Servicing of the Loan was transferred to Green Tree Loan Servicing LLC ("Green Tree") on January 16, 2014. Id. at ¶ 12.

As part of the Foreclosure Fairness Act ("FFA") mediation process, see RCW 61.24.163, Green Tree offered plaintiff another TPP. Id. at ¶¶ 11–14. Plaintiff claims that he accepted the offer and made all three payments as agreed. Id. at ¶¶ 15–16. Green Tree obtained a title report for the Property in October 2014, which again showed the three federal tax liens. It did not inform plaintiff of their existence. Id. at ¶¶ 17–18. Green Tree then sent plaintiff a Notice of Default on November 7, 2014, stating that it intended to foreclose on the Property if he did not cure the default. Plaintiff claims that he continued to make payments in December 2014 and January 2015 according to the terms of the loan modification, and Green Tree accepted both payments. Id. at ¶ 19. He was informed of the liens for the first time on January 21, 2015 at his final FFA mediation session. Id. at ¶ 20. Plaintiff filed a complaint against Flagstar[1] and Green Tree on July 23, 2015. Dkt. #1-1 at 2–8. He asserted three claims for violations of the Washington Consumer Protection Act ("CPA"), see RCW 19.86.010 et seq, breach of contract, and negligent misrepresentation. Id. at 8. On August 17, 2015, Green Tree filed a Notice of Removal with this Court. Dkt. #1 at 1–5; see 28 U.S.C. §§ 1332, 1441(c).

Plaintiff was deposed on June 29, 2016. Dkt. #80 (Fig Decl.) at ¶ 4. Green Tree's first corporate representative under Federal Rule of Civil Procedure 30(b)(6) was deposed on September 20, 2016. Id. A second corporate representative was deposed on October 11, 2016,

---

[1] Plaintiff's claims against Flagstar were dismissed on February 8, 2016, pursuant to a stipulated motion from the parties. Dkt. #16; see Dkt. #15.

ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE, FOR JOINDER OF DEFENDANT FEDERAL HOME LOAN
MORTGAGE CORP. AND FOR LEAVE TO AMEND COMPLAINT - 2

with specific regard to Green Tree's application of Freddie Mac's guidelines to plaintiff's loan modification application. Id. On November 2, 2016, plaintiff and Green Tree entered into another mediation. Id. at ¶ 31. In an "Amended Order Setting Trial Date and Related Dates" dated November 7, 2016, the Court set deadlines of December 2, 2016[2] for joining additional parties and March 15, 2017 for amending pleadings. Dkt. #36 at 1. Plaintiff received another HAMP loan modification offer on February 28, 2017 and made timely payments under it. Id. at ¶¶ 31–33. Green Tree approved the loan modification on June 30, 2017. Id. at ¶ 34.

However, on January 29, 2018, Green Tree sent plaintiff a letter stating that there were discrepancies in the 2017 agreement. Id. at ¶ 39. It requested plaintiff to execute and return a revised agreement by February 7, 2018. Otherwise, it stated, Green Tree might revoke the modification entirely. Id. at ¶ 39. Plaintiff's wife was visiting family in Alaska at the time. Id. at ¶ 40. Plaintiff received a statement from Green Tree on February 16, 2018, stating the amount owed according to post-modification terms. Id. at ¶ 42. On March 16, 2018, plaintiff sent Green Tree a Notice of Error ("NOE"), see 12 C.F.R § 1024.35, and a Request for Information ("RFI"), see 12 C.F.R § 1024.36. Id. at ¶¶ 45–46. He received another statement from Green Tree on March 27, 2018, stating the amount owed according to *pre*-modification terms. Id. at ¶ 47. On April 19, 2018, in response to his NOE and RFI, Green Tree stated that "a recalculation of the proposed totals found an error in the amortization of the account, which would have left a portion of the principal balance unpaid and owed at the maturity date." Id. at ¶ 48. It stated that "because the corrected agreement was not executed and returned to [Green Tree] within the required time-frame, the process of removing the terms of the Home Affordable Modification Agreement began on March 20, 2018 and was completed on March 27, 2018." Id. at ¶ 48.

---

[2] In his motion, plaintiff requests relief from the deadline of December 3, 2015 for joining additional parties, as set in the Court's order dated November 5, 2015. Dkt. #77 at 1; see Dkt. #13 at 1. However, the Court assumes that plaintiff is requesting relief from the deadline of December 2, 2016, set in a later order. See Dkt. #36.

ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE, FOR JOINDER OF DEFENDANT FEDERAL HOME LOAN
MORTGAGE CORP. AND FOR LEAVE TO AMEND COMPLAINT - 3

Plaintiff filed his Amended Complaint on June 29, 2018, bringing claims of breach of contract, id. at ¶¶ 61–65, breach of good faith and fair dealing, id. at ¶¶ 66–75, unfair and deceptive acts and practices in violation of the CPA, id. at ¶¶ 76–83, negligent misrepresentation, id. at ¶¶ 84–90, tort of outrage, id. at ¶¶ 91–102, and violations of the Equal Credit Opportunity Act ("ECOA"), id. at ¶¶ 103–118, see 15 U.S.C. §§ 1691–1691f (2006). The Amended Complaint also added allegations that Green Tree improperly withdrew the Freddie Mae HAMP loan modification agreement dated February 28, 2017. Id. at ¶¶ 31–50; see Fig. Decl. at ¶ 6. On August 30, 2018, plaintiff deposed a Green Tree representative regarding the 2017 loan modification. Plaintiff was deposed on October 19, 2018. Fig. Decl. at ¶ 7.

On December 17, 2018, the parties filed a "Stipulated Motion to Extend Remaining Case Management Deadlines." Dkt. #75. This states that the parties had agreed to mediate the matter on December 12, 2018. Id. at 1. However, on December 5, 2018, Green Tree's counsel was informed that Green Tree could not meaningfully participate in the mediation due to serious financial constraints. Id. at 2. Green Tree is a solely owned subsidiary of Ditech Holding Corporation ("Ditech") which, "accordingly to its most recent investor's report, [was] in the process of being delisted from the NYSE and [was] considering reentering Chapter 11." Id. The parties stated that if Ditech reentered bankruptcy, "it would most likely involve Green Tree and, therefore, continuing to litigate this matter would be a waste of the parties['] and court's time and resources." Id. They requested that all deadlines be reset to dates 90 days out. Id. These were reset in the Court's order dated December 18, 2018. Dkt. #76.

Plaintiff now requests relief from the deadlines for amending pleadings and joining additional parties, and an "order granting leave to amend the complaint to clarify that [Green Tree] (now [Ditech]) is now and at all times was in fact acting as agent for [Freddie Mac]." Dkt. #77 at 1. Green Tree does not object to being identified as Ditech,[3] but otherwise objects to plaintiff's motions. Dkt. #79 at 1.

---

[3] The two terms, "Ditech" and "Green Tree," are therefore used interchangeably in this order.

ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE, FOR JOINDER OF DEFENDANT FEDERAL HOME LOAN
MORTGAGE CORP. AND FOR LEAVE TO AMEND COMPLAINT - 4

After the filing of this motion, Ditech filed a Chapter 11 petition on February 11, 2019 in the District Court for the Southern District of New York. Dkt. #82; see Dkt #82-1. The Court has since stayed this action as to Green Tree. Dkt. #83; see 11 U.S.C. § 362(a).

## DISCUSSION

**A. Legal Standard**

"The district court is given broad discretion in supervising the pretrial phase of litigation." Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). Other than an amendment as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a case scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Although Rule 15 generally provides for liberal amendment to pleadings, once a pretrial scheduling order has been entered pursuant to Rule 16(b)(1), an additional showing of 'good cause' for amendment must be made if the scheduling order's deadline for amending pleadings has passed." Paz v. City of Aberdeen, No. C13-5104 RJB, 2013 WL 6163016, at *2 (W.D. Wash. Nov. 25, 2013) (citing Johnson, 975 F.2d at 608). A party seeking to amend a pleading after the date specified in the scheduling order must first show good cause for amendment under Rule 16, and then demonstrate that the amendment is proper under Rule 15." Paz, 2013 WL 6163016 at *2 (citing Johnson, 975 F.2d at 608); see Rain Gutter Pros, LLC v. MGP Mfg., LLC, No. C14-0458 RSM, 2015 WL 6030678, at *1 (W.D. Wash. Oct. 15, 2015).

For the purposes of Rule 16, "good cause" means that "the scheduling deadlines cannot be met despite the party's diligence." Paz, 2013 WL 6163016 at *2 (citing Johnson, 975 F.2d at 609). "If the party seeking the modification was not diligent, the inquiry should end." Id. (citing Millenkamp v. Davisco Foods Intern., Inc., 448 Fed. Appx. 720, 721 (9th Cir. 2011)).

ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINE, FOR JOINDER OF DEFENDANT FEDERAL HOME LOAN MORTGAGE CORP. AND FOR LEAVE TO AMEND COMPLAINT - 5

Rule 15 "sets forth a very liberal amendment policy." <u>Rain Gutter Pros, LLC</u>, 2015 WL 6030678 at *1 (citing <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001). "Five factors are used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading." <u>LifeLast, Inc. v. Charter Oak Fire Ins. Co.</u>, No. C14-1031JLR, 2015 WL 12910683, at *2 (W.D. Wash. July 6, 2015) (citing <u>Allen v. City of Beverly Hills</u>, 911 F.2d 367, 373 (9th Cir. 1990)). Delay, by itself, is not sufficient to justify denial of leave to amend. <u>Paz</u>, 2013 WL 6163016 at *3 (citing <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1986)). However, the remaining factors "could each, independently, support a denial of leave to amend a pleading." <u>Id.</u> (citing <u>Lockheed Martin Corp. v. Network Solutions, Inc.</u>, 194 F.3d 980, 986 (9th Cir. 1999)). "Of these factors, prejudice to the opposing party is the most important factor." <u>Id.</u> (citing <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1387 (9th Cir. 1990)). "The burden is on the party opposing amendment to show that they will be prejudiced by the court granting leave to amend." <u>LifeLast, Inc.</u>, 2015 WL 12910683 at *2 (citing <u>DCD Programs, Ltd.</u>, 833 F.2d at 187).

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment." <u>Id.</u> at *4 (citing <u>Jackson</u>, 902 F.2d at 1388). "A party that contends it learned 'new' facts to support a claim should not assert a claim that it could have pleaded in previous pleadings." <u>Id.</u> (citing <u>Chodos v. West Publishing Co.</u>, 292 F.3d 992, 1003 (9th Cir. 2002). Bad faith exists where "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." <u>Griggs v. Pace Am. Grp., Inc.</u>, 170 F.3d 877, 881 (9th Cir. 1999) (citing <u>Steckman v. Hart Brewing, Inc.</u>, 143 F.3d 1293, 1296 (9th Cir. 1998)). "Prejudice may effectively be established by demonstrating that a motion to amend was made after the cutoff date for such motions, or when discovery had closed or was about to close." <u>Paz</u>, 2013 WL 6163016 at *4 (citing <u>Zivkovic</u>, 302 F.3d at 1087). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." <u>Moore v. Kayport</u>

ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE DEADLINE, FOR JOINDER OF DEFENDANT FEDERAL HOME LOAN MORTGAGE CORP. AND FOR LEAVE TO AMEND COMPLAINT - 6

Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989) (citing Pan–Islamic Trade Corp. v. Exxon Corp., 632 F.2d 539, 546 (5th Cir. 1980), cert. denied, 454 U.S. 927 (1981)).

**B. Good Cause Under Rule 16**

Green Tree is correct to point out that plaintiff has always been aware of Freddie Mac's interest in the Loan. Dkt. #79 at 4; see Dkt. #81. In his Amended Complaint, filed on June 29, 2018, plaintiff stated that Green Tree offered him "the opportunity to participate in a [TPP] to determine whether [plaintiff] was eligible for a modification under HAMP." Compl. at ¶ 13. He alleged that he completed these payments successfully, but Green Tree instead announced its intent to foreclose on the Property. Id. at ¶¶ 14–19. While his original complaint did not mention HAMP or Freddie Mac in so many words, it referred to the same conduct. Dkt. #1-1 at 4. Furthermore, he deposed Green Tree's corporate representative on October 11, 2016, with specific regard to Green Tree's application of Freddie Mac's guidelines to plaintiff's loan modification application. Fig. Decl. at ¶ 4. See Muse Apartments, LLC v. Travelers Cas., No. C12-2021RSL, 2014 WL 11997862, at *1 (W.D. Wash. Nov. 12, 2014) (denying defendant's motion to modify the case management order in part because defendant was aware of the role of the party it sought to add before the action was filed and of its potential claim against the party at least nine months before it filed the motion).

However, plaintiff only learned in December 2018 that Ditech intended to declare bankruptcy. See Dkt. #75. Ditech did in fact file for bankruptcy after plaintiff filed this motion on February 11, 2019 in the District Court for the Southern District of New York. Dkt. #82; see Dkt #82-1. The Court has since stayed this action as to Green Tree. Dkt. #83; see 11 U.S.C. § 362(a). Plaintiff has therefore provided an explanation for the delay, in that the joinder of Freddie Mac did not become necessary until Ditech's announcement of its intent to declare bankruptcy. Dkt. #77 at 4–5; see Muse Apartments, LLC, 2014 WL 11997862 at *1 (rejecting the motion in part because the defendant "ma[de] no attempt to explain why it waited so long to seek to add a third-party claim"); Rain Gutter Pros, LLC, 2015 WL 6030678 at *2 ("[W]hether

ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE, FOR JOINDER OF DEFENDANT FEDERAL HOME LOAN
MORTGAGE CORP. AND FOR LEAVE TO AMEND COMPLAINT - 7

[the] [d]efendant has good cause to seek a late amendment turns on whether it was diligent in discovering the basis for and seeking the amendment.").

**C. Amendment Under Rule 15**

Plaintiff has previously amended his pleading. LifeLast, Inc., 2015 WL 12910683 at *2 (citing Allen, 911 F.2d at 373). He was aware of Freddie Mac's interest in the Loan well before the deadline. Paz, 2013 WL 6163016 at *4 (finding that there was undue delay where the facts necessary to plead the proposed additional claim were available to the plaintiff long before the close of discovery). These weigh against granting plaintiff's motions. LifeLast, Inc., 2015 WL 12910683 at *2 (citing Allen, 911 F.2d at 373). Green Tree also argues that it will be prejudiced by a reopening of discovery, as plaintiff will want to depose Green Tree for a fourth time to attempt to establish an agency relationship. Dkt. #79 at 5. "A need to reopen discovery and therefore delay the proceedings supports a … finding of prejudice from a delayed motion to amend the complaint." Lockheed Martin Corp., 194 F.3d at 986 (citing Solomon v. North Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998)).

However, there is no evidence of bad faith. Rain Gutter Pros, LLC, 2015 WL 6030678, at *2. Plaintiff has provided an explanation for the delay in bringing the amendment. See Muse Apartments, LLC, 2014 WL 11997862 at *1. He anticipates that the additional discovery for Freddie Mac can be completed in a timely fashion. Dkt. #77 at 7.

Green Tree also argues that the amendment would be futile, for two reasons. First, Freddie Mac is a government-sponsored entity subject to the Merrill doctrine. Dkt. #79 at 5; see Fed. Crop Ins. Corp. v. Merrill, 332 U.S. 380 (1947); Johnson v. Fed. Home Loan Mortg. Corp., No. C12-1712 TSZ, 2013 WL 308957, at *6 (W.D. Wash. Jan. 25, 2013) (finding that Freddie Mac is not bound by the unauthorized acts of the sellers/servicers that it relies upon to service the mortgages that it owns) (citing Paslowski v. Standard Mortg. Corp. of Georgia, 129 F. Supp. 2d 793, 803 (W.D. Pa. 2000)). Green Tree argues that plaintiff's proposed Amended Complaint does not make any allegation that Freddie Mac authorized Green Tree's conduct. Dkt. #79 at 6.

However, the Amended Complaint does allege that Green Tree n/k/a Ditech acted as an agent for Freddie Mac and its investor(s). Dkt. #77-2 at ¶¶ 1, 5, 53. It alleges that all the actions taken by Ditech were taken under the supervision and direction of Freddie Mac. Id. at ¶¶ 5, 53. At this stage, that is sufficient. See Aughe v. Shalala, 885 F. Supp. 1428, 1433 (W.D. Wash. 1995).

Second, Green Tree argues that some of plaintiff's claims against Freddie Mac are based on conduct in 2014 and are time-barred. Dkt. #79 at 6. Plaintiff's third claim alleges that Green Tree and Freddie Mac engaged in unfair and deceptive acts and practices in violation of the CPA. Dkt. #77-2 at ¶¶ 80–87; see RCW 19.86.020. The statute of limitations for this claim is four years. See RCW 19.86.090; see RCW 19.86.120. Plaintiff's fourth claim is for negligent misrepresentation. Dkt. #77-2 at ¶¶ 88–94. That has a statute of limitations of three years. See RCW 4.16.080; see Putz v. Golden, 847 F. Supp. 2d 1273, 1281 (W.D. Wash. 2012). His fifth claim is for the tort of outrage. Dkt. #77-2 at ¶¶ 95–106. "The statute of limitations for the tort of outrage is three years in the state of Washington." Spring v. Brown, No. CV-05-3047-FVS, 2007 WL 26766, at *4 (E.D. Wash. Jan. 3, 2007) (citing RCW § 4.16.080(2)); Fenner v. U.S. Bank of Washington, 97 Wn. App. 1047 (Wn. Ct. App. 1999)).[4] Green Tree does not mention plaintiff's second claim for breach of good faith and fair dealing, which pertains in part to conduct in 2014, see Dkt. #77-2 at ¶¶ 71–76, but the statute of limitations for that claim is also three years. Howard v. Countrywide Home Loans, Inc., No. C13-0133JLR, 2013 WL 1285859, at *1 (W.D. Wash. Mar. 26, 2013) (citing Steinberg v. Seattle–First Nat. Bank, 66 Wn. App. 402, n. 4 (Wn. Ct. App. 1992)).

---

[4] Plaintiff's first claim is for breach of contract. Dkt. #77-2 at ¶¶ 65–69. "The statute of limitations in Washington for breach of contract is six years." Putz, 847 F. Supp. 2d at 1281 (citing RCW 4.16.040(1)). His sixth claim is for violations of the ECOA. Dkt. #77-2 at ¶¶ 107–122. The statute of limitations for that claim is two years, see 15 U.S.C. § 1691e(f), but it pertains to conduct in 2018.

ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE, FOR JOINDER OF DEFENDANT FEDERAL HOME LOAN
MORTGAGE CORP. AND FOR LEAVE TO AMEND COMPLAINT - 9

Plaintiff responds that his litigation "is in essence a counter-claim" against Green Tree's initiation of a non-judicial foreclosure action in November 2015.[5] Dkt. #81 at 4; Compl. at ¶ 30. "The statute of limitations never runs against a defense arising out of the transaction sued upon by the plaintiff." J. C. Felthouse & Co. v. Bresnahan, 145 Wn. 548, 549 (1927); see Beach v. Ocwen Fed. Bank, 523 U.S. 410, 415 (1998). The Washington Court of Appeals has held that an action commenced by a plaintiff "to restrain [a] trustee's sale is the proper means to assert defenses to the foreclosure, and the defenses asserted therein arise out of the transaction culminating in the deed of trust." Olsen v. Pesarik, 118 Wn. App. 688, 690 (2003). It did not find the fact that the plaintiffs were seeking damages "as plaintiffs in an affirmative action rather than raising defenses to the foreclosure" dispositive. Id. at 693.

Rule 15 "sets forth a very liberal amendment policy." Rain Gutter Pros, LLC, 2015 WL 6030678 at *1 (citing Owens, 244 F.3d at 712). Its underlying purpose is to "facilitate decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal citation omitted). Under this liberal policy, the Court will grant plaintiff leave to amend his complaint. However, any additional discovery will be limited solely to establishing an agency relationship between Freddie Mac and Green Tree. The Court will take a harsh view of any attempt to widen the ambit of the litigation. The Court also notes that Freddie Mac is not precluded from moving for the dismissal of plaintiff's Amended Complaint.

For all the foregoing reasons, plaintiff's motions are hereby GRANTED. The Court GRANTS plaintiff leave to file his proposed Amended Complaint. The Court FURTHER ORDERS that any additional discovery shall be limited to plaintiff's attempt to establish an agency relationship between Freddie Mac and Green Tree.

---

[5] Plaintiff does not argue that the amendments should relate back under Federal Rule of Civil Procedure 15(c). See generally Dkt. #77; Dkt. #81.

DATED this 23rd day of May, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM CASE SCHEDULE
DEADLINE, FOR JOINDER OF DEFENDANT FEDERAL HOME LOAN
MORTGAGE CORP. AND FOR LEAVE TO AMEND COMPLAINT - 11